ATTORNEY FOR PETITIONER:
**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

ATTORNEY FOR RESPONDENT:
**TIMOTHY J. VRANA**
TIMOTHY J. VRANA LLC
Columbus, IN

# IN THE
# INDIANA TAX COURT

**FILED**

Jul 02 2015, 2:16 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | | |
|---|---|---|
| MONROE COUNTY ASSESSOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 49T10-1211-TA-00071 |
| | ) | |
| KOOSHTARD PROPERTY I, LLC, | ) | |
| | ) | |
| Respondent. | ) | |

ON APPEAL FROM THE FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**July 2, 2015**

FISHER, Senior Judge

This case examines whether the Indiana Board of Tax Review erred in reducing

Kooshtard Property I, LLC's land assessments for the 2008, 2009, and 2011 tax years

(the years at issue).[1]  The Court finds no error.

**FACTS AND PROCEDURAL HISTORY**

Kooshtard owns a three-acre parcel of land in Bloomington, Indiana on which it

operates a gas station and convenience store.  During the years at issue, the Monroe

---

[1]  In a decision issued concurrently with this one, the Court has affirmed the Indiana Board's
final determination that reduced Kooshtard's land assessment from $1,200,000 to $1,050,000
for the 2010 tax year.  See Kooshtard Prop. I, LLC v. Monroe Cnty. Assessor, No. 49T10-1404-
TA-00015 (Ind. Tax Ct. July 2, 2015).

County Assessor assigned Kooshtard's land an assessed value of $1,200,000.

Kooshtard appealed the land assessments first with the Monroe County Property Tax Assessment Board of Appeals and then with the Indiana Board. On August 16, 2012, the Indiana Board conducted a hearing during which Kooshtard presented, among other things, a Summary Appraisal Report (Appraisal), completed in conformance with the Uniform Standards of Professional Appraisal Practice (USPAP).[2] (See Cert. Admin. R. at 108-160.) The Appraisal valued the land at $300,000 as of March 1, 2006, based on the adjusted sales prices of four comparable properties.[3] (See Cert. Admin. R. at 150-52.)

In response, the Assessor claimed that the Appraisal lacked probative value for several reasons. For example, the Assessor pointed out that its March 1, 2006 valuation date was not the proper valuation date for any of the years at issue.[4] (See Cert. Admin. R. at 230-31.) In addition, the Assessor claimed the Appraisal's "extreme" adjustments to the sales prices of the comparable properties indicated that those properties were not comparable to Kooshtard's land at all. (See Cert. Admin. R. at 235-36, 245-47, 254-55.) The Assessor also claimed that even if the properties were comparable, the Appraisal was flawed because it did not contain the calculations

---

[2] Belinda Graber, an Indiana certified general appraiser, and Christopher Graber, an Indiana licensed appraiser trainee, prepared the Appraisal, but neither appeared at the Indiana Board hearing. (See Cert. Admin. R. at 108, 213-17.)

[3] The Appraisal adjusted the sales prices of the comparable properties to account for differences in their size, utility, and topography from Kooshtard's land. (See Cert. Admin. R. at 150-51.)

[4] The relevant valuation dates for Kooshtard's assessments were: January 1, 2007 for 2008, January 1, 2008 for 2009, and March 1, 2011 for 2011. See 50 IND. ADMIN. CODE 21-3-3(a)-(b) (2008) (repealed 2010) (see http://www.in.gov/legislative/iac/); 50 IND. ADMIN. CODE 27-5-2(c) (2011) (see http://www.in.gov/legislative/iac/); 2011 REAL PROPERTY ASSESSMENT MANUAL (Manual) (incorporated by reference at 50 IND. ADMIN. CODE 2.4-1-2 (2011) (see http://www.in.gov/legislative/iac/)) at 7.

regarding, and the evidence to support, any of the "extreme" adjustments. (See Cert. Admin. R. at 233-36, 247-51.) Finally, the Assessor asked the Indiana Board to uphold her assessments because each was supported by certain sales data. (See Cert. Admin. R. at 265-73, 293.)

On October 19, 2012, the Indiana Board issued a final determination in which it found that despite certain flaws, the Appraisal provided the best indication of the value of Kooshtard's land. (See Cert. Admin. R. at 55-62 ¶¶ 30-47.) Accordingly, the Indiana Board reduced Kooshtard's land assessment from $1.2 million to $300,000 for each of the years at issue.

On November 7, 2012, the Assessor initiated this original tax appeal. The Court heard oral argument on June 7, 2013. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Hubler Realty Co. v. Hendricks Cnty. Assessor, 938 N.E.2d 311, 313 (Ind. Tax Ct. 2010). The Court will reverse a final determination if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33-26-6-6(e)(1)-(5) (2015).

## ANALYSIS

On appeal, the Assessor asks the Court to reverse the Indiana Board's final determination that reduced Kooshtard's land assessments to $300,000 for two reasons.

3

First, the Assessor contends that the Indiana Board failed to conduct an impartial review of the record evidence. Second, the Assessor claims that the Indiana Board's final determination is arbitrary, capricious, and not supported by substantial or reliable evidence.

**I.**

The Assessor claims that the Indiana Board's final determination must be reversed because the Indiana Board failed to conduct an impartial review of the record evidence. (See Pet'r Br. at 5-9.) The Assessor contends that while the Indiana Board acknowledged that Kooshtard's Appraisal contained several flaws, it nonetheless "engaged in an illogical analysis [] and committed error" by using the Assessor's evidence to "boost up" the Appraisal. (Pet'r Br. at 6-7.) In other words, the Assessor argues that the Indiana Board determined the probative value of the parties' evidentiary presentations based on who prepared the evidence (i.e., an appraiser versus an assessor) rather than its quality.[5] (See Pet'r Br. at 5-8; Pet'r Reply Br. at 1-2; Oral Arg. Tr. at 16-21.)

In its final determination, the Indiana Board explained that while it was "troubled" by certain aspects of the Appraisal, it still provided the best indication of the value of Kooshtard's land for several reasons. (See, e.g., Cert. Admin. R. at 56-57 ¶ 33.) For instance, the Indiana Board explained that although the Appraisal did not relate the land's appraised value to any of the valuation dates for the years at issue, other evidence presented to it sufficiently linked the March 1, 2006 date to the relevant

---

[5] The Assessor also contends that the Indiana Board's pattern of giving more weight to an appraiser's work product and discounting a non-appraiser's work product is evident from a comparison to one of its other decisions. (See Pet'r Br. at 9-11.) The Court, however, need not engage in such a comparison to resolve the matter at hand.

valuation dates. (See Cert. Admin. R. at 57-59 ¶¶ 35-38 (explaining that Kooshtard's property record cards that showed the Assessor never changed the $1.2 million land assessment between 2006 and 2011, coupled with the Assessor's claim regarding the stability of land values, provided the necessary link).) Moreover, the Indiana Board explained that while the Appraisal did not contain evidence to support its adjustments to the comparable properties, the Assessor had not presented any evidence to rebut that those adjustments were actually incorrect. (See Cert. Admin. R. at 56-57 ¶¶ 32-34.) Finally, the Indiana Board found the Assessor's sales data did not support her assessments because she failed to relate the sales to the relevant valuation dates, and she failed to establish that the properties were comparable to Kooshtard's land. (See Cert. Admin. R. at 59-62 ¶¶ 41-46.)

The Indiana Board's final determination reveals, therefore, that it acted as an impartial adjudicator because it reviewed and weighed the quality of both parties' evidentiary presentations. Thus, to the extent the Indiana Board found Kooshtard's evidence best reflected the value of its land, this Court will not substitute its judgment for that of the Indiana Board simply because the Assessor disagrees with the Indiana Board's decision. See Freudenberg-NOK Gen. P'ship v. State Bd. of Tax Comm'rs, 715 N.E.2d 1026, 1030 (Ind. Tax Ct. 1999) (explaining that the Court cannot reweigh the evidence contained within the administrative record), review denied. Consequently, the Assessor has not demonstrated that the Indiana Board's final determination must be reversed on this basis.

**II.**

The Assessor also contends that the Indiana Board's final determination should

be reversed because it is arbitrary, capricious, and unsupported by substantial or reliable evidence. (Oral Arg. Tr. at 14-15.) More specifically, the Assessor claims that the Indiana Board improperly used her evidence regarding the stability of land values against her (i.e., to render the Appraisal probative and her sales data from the same period non-probative). (See Pet'r Br. at 7-8; Oral Arg. Tr. at 24-26.)

During the Indiana Board hearing, the Assessor claimed that between 2001 and 2012 the value of land was relatively stable. (See Cert. Admin. R. at 270-73, 293.) To support that claim, the Assessor presented two sales disclosure forms that showed that a comparable property along with its improvements sold for about $875,000 in 2001, and then for $850,000 in 2012 after the improvements were removed. (See Cert. Admin. R. at 182-88, 270-72.) The Assessor argued that Kooshtard's total assessments of $1,517,100 in 2008, $1,524,500 in 2009, and $1,570,000 in 2011 were therefore correct given that the subject property sold for slightly over $1,644,000 in 2001 and a comparable property sold for $1,550,000 in 2005. (See Cert. Admin. R. at 102-07, 172-81, 263-71, 292-93.)

In its final determination, however, the Indiana Board rejected the Assessor's claim that land values were stable for the entire 2001 through 2012 period because Kooshtard's property record cards indicated that the Assessor actually changed the land assessments "dramatically" between 2002 and 2006. (See Cert. Admin. R. at 59-60 ¶¶ 41-42; 102-07 (providing that Kooshtard's land assessments ranged from $29,100 to $1,200,000).) Moreover, the Indiana Board explained that the Assessor's other sales data lacked probative value because she failed to establish that the properties were comparable to Kooshtard's land. (See Cert. Admin. R. at 60-62 ¶¶ 43, 45-46.)

6

A final determination of the Indiana Board is arbitrary and capricious when it is without some basis which would lead a reasonable person to the same conclusion as the Indiana Board. See Dawkins v. State Bd. of Tax Comm'rs, 659 N.E.2d 706, 709 (Ind. Tax Ct. 1995). Similarly, a final determination of the Indiana Board is not supported by substantial or reliable evidence when a reasonable person, after reviewing the administrative record in its entirety, cannot find enough relevant evidence to support the Indiana Board's decision. See Amax Inc. v. State Bd. of Tax Comm'rs, 552 N.E.2d 850, 852 (Ind. Tax Ct. 1990). In this case, the administrative record reveals that the Indiana Board's finding regarding the instability of land values between 2001 and 2012 was based on the fact that other record evidence corroborated that finding, not simply favoritism for an appraiser's work product as the Assessor has alleged. (See, e.g., Pet'r Reply Br. at 1.) Accordingly, the Court declines to find that the Indiana Board's final determination was arbitrary, capricious, or unsupported by substantial or reliable evidence.

## CONCLUSION

For all the foregoing reasons, the Court AFFIRMS the Indiana Board's final determination in all respects.