ATTORNEY FOR PETITIONER:
**TIMOTHY J. VRANA**
TIMOTHY J. VRANA LLC
Columbus, IN

ATTORNEYS FOR RESPONDENT:
**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

**BRIAN A. CUSIMANO**
ATTORNEY AT LAW
Indianapolis, IN

_____

# IN THE
# INDIANA TAX COURT

FILED
Jul 02 2015, 2:11 pm

CLERK
of the supreme court,
court of appeals and
tax court

_____

| | |
|---|---|
| KOOSHTARD PROPERTY I, LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1404-TA-00015 |
| | ) |
| MONROE COUNTY ASSESSOR, | ) |
| | ) |
| Respondent. | ) |

_____

ON APPEAL FROM THE FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

_____

**FOR PUBLICATION**
**July 2, 2015**

FISHER, Senior Judge

Kooshtard Property I, LLC has challenged the Indiana Board of Tax Review's final determination that valued its land at $1,050,000 for the 2010 tax year.[1] The Court affirms.

_____

[1] In a decision issued concurrently with this one, the Court has affirmed the Indiana Board's final determination that reduced Kooshtard's land assessments from $1,200,000 to $300,000 for the 2008, 2009, and 2011 tax years. See Kooshtard Prop. I, LLC v. Monroe Cnty. Assessor, No. 49T10-1211-TA-00071 (Ind. Tax Ct. July 2, 2015).

**FACTS AND PROCEDURAL HISTORY**

Kooshtard owns and operates a gas station and convenience store on a three-acre parcel of land in Bloomington, Indiana. For the 2010 tax year, the Monroe County Assessor assigned Kooshtard's land an assessed value of $1,200,000.

Kooshtard appealed the land assessment first with the Monroe County Property Tax Assessment Board of Appeals and then with the Indiana Board.[2] On December 18, 2013, the Indiana Board conducted a hearing during which Kooshtard submitted, among other things, a Summary Appraisal Report, completed in conformance with the Uniform Standards of Professional Appraisal Practice (USPAP). The Appraisal valued Kooshtard's land at $300,000 based on comparable sales data. (See Cert. Admin. R. at 72-124.)

In response, the Assessor presented, among other things, a Real Estate Appraisal Report that was completed in conformance with USPAP. (See Cert. Admin. R. at 310-27.) The Assessor's Appraisal, prepared by Wayne Johnson, an Indiana certified general appraiser,[3] valued Kooshtard's entire property at $1,500,000 under the cost approach ($1,050,000 for land and $450,000 for improvements), $1,400,000 under the sales comparison approach, and $1,450,000 under the income approach. (See Cert. Admin. R. at 321-23.) In addition, Johnson testified that Kooshtard's Appraisal used unreliable sales data in arriving at its $300,000 value. Specifically, Johnson pointed out that: 1) the first sale contained improvements, but there were relevant sales of vacant land; 2) the second sale was located in a limited zoning area, unlike

---

[2] While Kooshtard also appealed its 2012 land assessment, this original tax appeal does not concern that assessment. (See Pet'r Br. at 1; Oral Arg. Tr. at 4.)

[3] Johnson is also a certified member of the Appraisal Institute (MAI). (See Cert. Admin. R. at 324.)

Kooshtard's property, and was tied to the sale of another property; 3) the third sale was a forced sale; and 4) the final sale required significant development for its intended use. (See Cert. Admin. R. at 364-71.)

On March 14, 2014, the Indiana Board issued a final determination explaining that it found Johnson's testimony regarding the unreliability of Kooshtard's Appraisal persuasive. (See Cert. Admin. R. at 38-39 ¶¶ 57.) The Indiana Board also explained that the Assessor's Appraisal best reflected the value of Kooshtard's property even though it contained certain flaws. (See Cert. Admin. R. at 40-41 ¶¶ 62-67 (explaining that the Assessor's Appraisal erroneously included the value of personal property).) Accordingly, the Indiana Board reduced Kooshtard's 2010 land assessment from $1,200,000 to $1,050,000, which coincided with Johnson's valuation of the land under the cost approach. (Compare Cert. Admin. R. at 40-41 ¶¶ 63, 68 with 321.)

On April 24, 2014, Kooshtard initiated this original tax appeal. The Court heard oral argument on January 23, 2015. Additional facts will be supplied as necessary.

**STANDARD OF REVIEW**

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Hubler Realty Co. v. Hendricks Cnty. Assessor, 938 N.E.2d 311, 313 (Ind. Tax Ct. 2010). The Court will reverse a final determination if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33-26-6-6(e)(1)-(5) (2015).

3

**ANALYSIS**

On appeal, Kooshtard asks the Court to reverse the Indiana Board's final determination, claiming that the Assessor's Appraisal was so flawed that it was not probative and, therefore, could not be used to support the final determination. (See Pet'r Br. at 1; Pet'r Reply Br. at 1.) More specifically, Kooshtard restates two of the arguments that it presented to the Indiana Board: 1) the Assessor's Appraisal is not probative because it made no adjustments for properties sold under land contracts; and 2) the Assessor's Appraisal is not probative because it included the value of personal property in estimating the value of Kooshtard's land.[4] (Compare Pet'r Br. at 2-4; Pet'r Reply Br. at 3 and Oral Arg. Tr. at 14-16 with Cert. Admin. R. at 394-400, 404-05.)

Kooshtard's arguments regarding the probative value of the Assessor's Appraisal invite this Court to reweigh evidence; that task, however, is not within this Court's prerogative on appeal absent an abuse of discretion. See Stinson v. Trimas Fasteners, Inc., 923 N.E.2d 496, 498-99 (Ind. Tax Ct. 2010). The Indiana Board has abused its discretion when its final determination is clearly against the logic and effect of the facts and circumstances before it or when it misinterprets the law. See Hubler, 938 N.E.2d at 315, n.5.

With respect to the land contracts issue, the administrative record reveals that Johnson testified that he was not required to adjust the sales prices of certain properties

---

[4] In addition, Kooshtard claims on appeal that the Assessor's Appraisal is not probative because it used non-comparable properties (i.e., non-convenience stores at the time of sale) in valuing Kooshtard's land and it included a sale beyond the appropriate valuation period. (See Pet'r Br. at 2-5; Pet'r Reply Br. at 2-4.) The Court, however, declines to address these claims because they were not presented to the Indiana Board. (See generally Cert. Admin. R.) See also Kooshtard Prop. VIII, LLC v. Shelby Cnty. Assessor, 987 N.E.2d 1178, 1181-82 (Ind. Tax Ct. 2013) (explaining that claims may be waived when a litigant could have, but failed to, present them to the Indiana Board), review denied.

to account for their use of land contracts. (See Cert. Admin. R. at 399.) Kooshtard did not present any evidence, binding legal authority, or persuasive authority during the administrative hearing that impeached Johnson's testimony. (See Cert. Admin. R. at 400-07.) Accordingly, Kooshtard has not demonstrated that the Indiana Board abused its discretion when it accepted Johnson's testimony that he was not required to account for the use of land contracts in valuing Kooshtard's property.

As to the personal property issue, Johnson admitted during the administrative hearing that personal property was included in three of the eight sales he used in his sales comparison approach. (See, e.g., Cert. Admin. R. at 394-95.) Despite this one imperfection, the Indiana Board declined to reject the Assessor's Appraisal because it offered a more comprehensive analysis than Kooshtard's Appraisal: it employed all three valuation approaches as opposed to one. (See Cert. Admin. R. at 39-41 ¶¶ 61-62, 64.) The Indiana Board also explained that it assigned the most weight to the Assessor's evidentiary presentation because Johnson persuasively challenged the reliability of Kooshtard's Appraisal, while Kooshtard's appraiser did not challenge the Assessor's Appraisal in any manner whatsoever. (See Cert. Admin. R. at 40-41 ¶¶ 62, 65, 67.) Consequently, the Court finds that the Indiana Board did not abuse its discretion in finding the Assessor's Appraisal more persuasive than Kooshtard's

Appraisal on this basis either.[5]

## CONCLUSION

An Indiana Board final determination is not supported by substantial evidence if a reasonable person, after reviewing the administrative record in its entirety, could not find enough relevant evidence to support the Indiana Board's decision. See Amax Inc. v. State Bd. of Tax Comm'rs, 552 N.E.2d 850, 852 (Ind. Tax Ct. 1990). Based on its review of the administrative record, the Court concludes that Kooshtard has not established that the Indiana Board's final determination was not supported by substantial evidence. Accordingly, the final determination of the Indiana Board is AFFIRMED.

---

[5] Finally, the Court notes that the Indiana Board ultimately adjusted Kooshtard's land assessment to coincide with the land valuation derived from the cost approach analysis in the Assessor's Appraisal, not the sales comparison analysis. (Compare Cert. Admin. R. at 40-41 ¶¶ 63, 68 with 321.) This decision is particularly relevant because the flaws about which Kooshtard has complained of on appeal (i.e., that Johnson used properties that were not comparable) only go to the validity of Johnson's sales comparison analysis, not his cost approach analysis. (Compare Pet'r Br. at 2-4 with Cert. Admin. R. at 234, 239-44, 247-48, 290-307, 322 (regarding the sales comparison approach analysis) and Cert. Admin. R. at 230-33, 321 (regarding the cost approach analysis).)