ATTORNEYS FOR PETITIONERS:
**MARK E. GIAQUINTA**
**MELANIE L. FARR**
**SARAH L. SCHREIBER**
HALLER & COLVIN, P.C.
Fort Wayne, IN

ATTORNEYS FOR AMICUS CURIAE:
**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

**JOHN S. DULL**
BOARD OF COMMISSIONERS OF
LAKE COUNTY
Crown Point, IN

ATTORNEYS FOR RESPONDENT:
**JEFFREY T. BENNETT**
**BRADLEY D. HASLER**
**MARGARET M. CHRISTENSEN**
BINGHAM GREENEBAUM DOLL LLP
Indianapolis, IN



FILED
Oct 30 2015, 3:09 pm
CLERK
of the supreme court,
court of appeals and
tax court

_____

# IN THE
# INDIANA TAX COURT

_____

| | |
|---|---|
| WASHINGTON TOWNSHIP ASSESSOR, ALLEN COUNTY ASSESSOR, and ALLEN COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS, )<br><br>Petitioners, )<br><br>v. )<br><br>VERIZON DATA SERVICES, INC., )<br><br>Respondent. ) | Cause No. 49T10-1102-TA-00013 |

_____

ON APPEAL FROM THE FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**October 30, 2015**

WENTWORTH, J.

The Washington Township Assessor, the Allen County Assessor, and the Allen

County Property Tax Assessment Board of Appeals (collectively Allen County) claim that the Indiana Board of Tax Review erred in granting summary judgment to Verizon Data Services, Inc. because the Allen County Property Tax Assessment Board of Appeals (PTABOA) failed to issue its final determination within the statutorily prescribed period. Upon review, the Court finds that the Indiana Board did not err.[1]

## FACTS AND PROCEDURAL HISTORY

On May 15, 2005, Verizon filed its Business Tangible Personal Property Return with the Washington Township Assessor, reporting the assessed value of its personal property at $21 million for the 2005 tax year. On September 15, 2005, the Township Assessor issued a Notice of Assessment/Change (Form 113/PP) to Verizon that increased the 2005 personal property assessment to nearly $58 million.

On October 28, 2005, Verizon informed the Township Assessor that it was seeking review of the Form 113/PP with the PTABOA pursuant to Indiana Code § 6-1.1-15-1 and that the Township Assessor should contact its attorneys to schedule a preliminary conference. When the Township Assessor contacted one of Verizon's attorneys, he requested that the conference be scheduled at a time that allowed Verizon's representatives to appear in person. The Township Assessor and Verizon ultimately held the preliminary conference on July 12, 2006. When the two parties were unable to reach an agreement, one of Verizon's attorneys requested that the PTABOA hearing not be held until certain matters could be discussed with his client.

On October 26, 2006, the PTABOA held a hearing. On May 7, 2007, the

---

[1] In a decision issued concurrently with this decision, the Court has affirmed the Indiana Board's final determination that reduced Verizon's 2007 personal property assessment from $50,261,538 to $16,200,000. See Allen Cnty. Assessor v. Verizon Data Servs., Inc. (Verizon II), No. 49T10-1408-TA-00053 (Ind. Tax Ct. Oct. 30, 2015).

PTABOA issued a Notification of Final Assessment Determination (Form 115) that reduced Verizon's personal property assessment to $50,777,790 for the 2005 tax year.

On June 11, 2007, Verizon appealed to the Indiana Board, asserting that certain statutory and constitutional valuation provisions required its personal property assessment to be further reduced. (See, e.g., Cert. Admin. R. at 3-29.) On January 29, 2009, Verizon moved for summary judgment on the sole issue that the PTABOA's Form 115 was untimely because it should have been issued by October 30, 2005, pursuant to Indiana Code §§ 6-1.1-16-1 to -4 (Chapter 16). (See Cert. Admin. R. at 185-89, 407-08.) On April 13, 2009, Allen County filed a cross-motion for summary judgment, asserting that the PTABOA's Form 115 was timely because Indiana Code § 6-1.1-15-1's (Section 15-1) deadlines applied, not Chapter 16's deadlines. (See, e.g., Cert. Admin. R. at 225-34, 355-62.) Alternatively, Allen County argued that the doctrines of waiver and estoppel prevented the Chapter 16 deadlines from being invoked. (See, e.g., Cert. Admin. R. at 233-34.) On December 28, 2010, after conducting a hearing, the Indiana Board issued its final determination granting summary judgment in favor of Verizon and against Allen County.

On February 9, 2011, Allen County initiated this original tax appeal. The Court heard oral argument on February 5, 2014. Additional facts will be supplied if necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Hubler Realty Co. v. Hendricks Cnty. Assessor, 938 N.E.2d 311, 313 (Ind. Tax Ct. 2010). The Court will reverse a final determination if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

3

law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33-26-6-6(e)(1)-(5) (2015).

**DISCUSSION**

On appeal, Allen County claims that the Indiana Board erred in determining that as a matter of law the Chapter 16 deadlines rather than the Section 15-1 deadlines applied to the PTABOA's appeals process. Alternatively, Allen County claims that the Indiana Board erred in determining there was no genuine issue of material fact whether Verizon waived or was estopped from asserting that the Chapter 16 deadlines applied.

**I. Section 15-1 and Chapter 16**

During the 2005 tax year, Section 15-1 provided that when a taxpayer appealed an assessment of tangible property by a township official, the county property tax assessment board of appeals must hold a hearing "not later than one hundred eighty (180) days" after the taxpayer filed a written request for, and attended, a preliminary conference with the township official. See IND. CODE § 6-1.1-15-1(a), (b), (f), (k) (2005) (amended 2006). After the hearing, Section 15-1 required the county property tax assessment board of appeals to prepare a written decision "not later than one hundred twenty (120) days after the hearing." See I.C. § 6-1.1-15-1(k).

Chapter 16 provided the time period within which "an assessing official, county assessor, or county property tax assessment board of appeals may [] change the assessed value claimed by a taxpayer on a personal personal property return[.]" IND. CODE § 6-1.1-16-1(a)(1) (2005) (amended 2006). Moreover, Chapter 16 further

4

provided that:

> [a] county assessor or county property tax assessment board of appeals must make a change in the assessed value [claimed by a taxpayer on a personal property return], <u>including the final determination by the board of an assessment changed by a township or county assessing official</u>, or county property tax assessment board of appeals, and give the notice of the change [as required by Indiana Code § 6-1.1-3-20] on or before the latter of:
>
> > (A)  October 30 of the year for which the assessment is made; or
> > (B)  five (5) months from the date the personal property return is filed if the return is filed after May 15 of the year for which the assessment is made.

I.C. § 6-1.1-16-1(a)(2) (emphasis added).[2]

Allen County contends that the deadlines provided in Section 15-1 applied to the PTABOA's issuance of the Form 115 because Section 15-1 generally governs all appeals and the PTABOA was acting as a quasi-adjudicator under Section 15-1 when it reduced Verizon's personal property assessment in 2007.  (<u>See</u> Pet'rs' Br. Supp. V. Pet. Judicial Review Final Determination [Indiana Board] ("Pet'rs' Br.") at 8-11.) Furthermore, Allen County explains that Chapter 16 governs its actions not in the context of an appeal, but <u>only</u> when it acts in its role as an assessing official.[3]  (<u>See</u> Pet'rs' Br. at 9-13.)

Chapter 16 applies and its deadlines are triggered when, as here, an assessor, the county property tax assessment board of appeals, or the Department of Local

---

[2] Although the 2006 amendments to Section 15-1 and Chapter 16 do not materially affect the disposition of this case, the Court refers to the version of the statutes that were in effect at the time that Verizon appealed the Form 113/PP to the PTABOA.

[3]  Similarly, <u>Amicus Curiae</u> argues that the absence of the word "appeal" and the term "petition for review" in Indiana Code § 6-1.1-16-1(a) signals that the Legislature intended Chapter 16 deadlines to apply solely to the assessment process.  (<u>See</u> Amicus Curiae Br. Lake Cnty. Assessor ("Amicus Br.") at 11-19.)

Government Finance (DLGF) changes the assessed value claimed by a taxpayer on its personal property return.[4]  See I.C. § 6-1-1-16-1(a)(1)-(3).  Nonetheless, the plain language of Chapter 16 does not indicate that it applies solely to the assessment process as Allen County urges.  Instead, Chapter 16 specifically states certain deadlines not only apply to when an assessor or county property tax assessment board of appeals must make a change to a personal property assessment, but also apply to when the county property tax assessment board of appeals must issue its "final determination . . . of an assessment changed by a township or county assessing official."  See I.C. § 6-1.1-16-1(a)(2) (emphasis added).

Allen County maintains that the term "final determination" as used in Indiana Code § 6-1.1-16-1(a)(2) refers to the end of the assessment process, i.e., when an assessor or county property tax assessment board of appeals notifies a taxpayer that its personal property assessment has changed.[5]  (See Pet'rs' Br. at 20-21; Oral Arg. Tr. at 16-17, 21-23.)  While the term "final determination" is not defined under Chapter 16, Indiana courts have explained that a final determination is "an order that determines the rights of, or imposes obligations on, the parties as a consummation of the administrative process."  See, e.g., State Bd. of Tax Comm'rs v. Ispat Inland, Inc., 784 N.E.2d 477, 481 (Ind. 2003) (emphases added) (citation omitted).  See also Mills v. State Bd. of Tax Comm'rs, 639 N.E.2d 698, 701 (Ind. Tax Ct. 1994) (indicating that a county property tax

---

[4]  The Chapter 16 deadlines do not apply if a taxpayer files either a fraudulent return or one that does not substantially comply with the relevant statutes and regulations.  See IND. CODE § 6-1.1-16-1(d) (2005) (amended 2006).  Allen County has not claimed that Verizon acted fraudulently or that its 2005 personal property return did not substantially comply with the applicable statutes and regulations.  (See, e.g., Cert. Admin. R. at 64 n.3.)

[5]  In contrast, Amicus Curiae contends that Chapter 16's assessment process ends when a county property tax assessment board of appeals approves or disapproves of an assessor's preliminary valuation change.  (See Amicus Br. at 11, 13-15.)

assessment board of appeals issued a "final determination" after it held a hearing on the taxpayer's appeal). Thus, Allen County's contention that the term "final determination" in Chapter 16 refers solely to the end of the assessment process conflicts with its common meaning that refers to the culmination of the administrative appeals process.

Furthermore, the view that Chapter 16 applies just to the assessment process is dashed by the provisions of Chapter 16 that specifically provide appeal procedures. See Board of Comm'rs of Jasper Cnty. v. Vincent, 988 N.E.2d 1280, 1282 (Ind. Tax Ct. 2013) (stating that a statute and its related provisions must be read as a whole, not piecemeal). For example, Indiana Code § 6-1.1-16-2 provides an appeal procedure for use by a township or county assessor in the event a county property tax assessment board of appeals fails to act within the statutorily prescribed periods. See IND. CODE § 6-1.1-16-2 (2005) (amended 2007). In addition, Indiana Code § 6-1.1-16-1(e) provides a procedure for a taxpayer to appeal the DLGF's preliminary change in assessed value. See I.C. § 6-1.1-16-1(e). It follows, therefore, that the Legislature intended the PTABOA to adhere to the Chapter 16 deadlines both when acting in its role as an assessor and when serving as a quasi-adjudicator regarding personal property assessments.

Nevertheless, Allen County argues that applying the Chapter 16 deadlines to the administrative appeals process would produce absurd results by nullifying or

impermissibly shortening certain appeals procedures set forth in Section 15-1.[6] (See Pet'rs' Br. at 13-17.) More specifically, Allen County explains that if a county assessor changed a taxpayer's personal property return on October 30, the county property tax assessment board of appeals could not review that change because the review must be completed on the same day instead of several months later. (See Pet'rs' Br. at 21-22.) Compare also I.C. § 6-1.1-16-1(a)(2)(A) with I.C. § 6-1.1-15-1(k). Allen County further explains that applying the Chapter 16 deadlines would eviscerate Section 15-1's preliminary conference requirement and the county assessor would have to file an appeal with the Indiana Board pursuant to Indiana Code § 6-1.1-16-2 before it even knew whether the taxpayer intended to appeal the assessment change. (See Pet'rs' Br. at 21-22.)

When statutes concern the same subject matter, as in this case, they are in pari materia. See Lake Cnty. Assessor v. Amoco Sulfur Recovery Corp., 930 N.E.2d 1248, 1254-55 (Ind. Tax Ct. 2010), review denied. Thus, absent a clearly expressed legislative intent to the contrary, the Court will regard the statutes as effective, harmonize them, and accord full application to each unless they are irreconcilable and in hopeless conflict. Hamilton Cnty. Assessor v. Allisonville Road Dev., LLC, 988 N.E.2d 820, 824 n.8 (Ind. Tax Ct. 2013), review denied. When the statutes are in hopeless conflict, the specific provisions take priority over the general provisions. See

_____

[6] In addition, Amicus Curiae argues that "[t]he Court has already determined that the assessment process is separate and apart from the appeals process, and that [the] time limitations contained in one process do not regulate the other." (Amicus Br. at 5 (citing Joyce Sportswear Co. v. State Bd. of Tax Comm'rs, 684 N.E.2d 1189, 1191-92 (Ind. Tax Ct. 1997), appeal dismissed).) In Joyce Sportswear, however, the Court determined that the express terms of Indiana Code § 6-1.1-9-4 provided that it did not apply to Chapter 15. See Joyce Sportswear, 684 N.E.2d at 1192. The Court, therefore, did not hold that the statutory framework for assessments and appeals were mutually exclusive in all instances.

Componx, Inc. v. Indiana State Bd. of Tax Comm'rs, 741 N.E.2d 442, 446 (Ind. Tax Ct. 2000).

While Allen County's bright-line distinction that Section 15-1 applies to the PTABOA's appeals process and Chapter 16 applies to the PTABOA's assessment process would allow an assessing official to make full use of the deadlines in each, this distinction contravenes the distinct purposes of Section 15-1 and Chapter 16. Specifically, Section 15-1, by its own provisions, generally governs appeals of both real and personal property assessments. See I.C. § 6-1.1-15-1. In turn, the provisions of Chapter 16 specifically apply to an assessing official's change to a personal property assessment or an appeal of that change. See, e.g., I.C. § 6-1.1-16-1(a). The Legislature has explained that:

> [t]he provisions of [Chapter 16] do not extend the period within which an assessment or a change in an assessment may be made. [Thus, i]f a shorter period for action and notice is provided elsewhere in [Article 1.1], that provision controls. However, if any other conflict exists between the provisions of [Chapter 16] and the other provisions of [Article 1.1], the provisions of [Chapter 16] control with respect to [personal property] assessment adjustments.

IND. CODE § 6-1.1-16-4 (2005) (emphasis added). The deadlines within which a change in assessment may be made are not longer under Chapter 16 than under Section 15-1. Compare I.C. § 6-1.1-15-1 with I.C. § 6-1.1-16-1. Thus, to the extent the deadlines under Section 15-1 and Chapter 16 conflict, Chapter 16 governs because it applies specifically to appeals of an assessing official's change to a personal property assessment; whereas, Section 15-1 applies generally to appeals concerning real and

9

personal property assessments.[7]  See Componx, 741 N.E.2d at 446.  This conclusion gives effect to the importance that the Legislature has placed on assessing officials' compliance with Chapter 16's statutory deadlines.  See I.C. §§ 6-1.1-16-1(b), -2 (providing that when assessing officials fail to act within the statutorily prescribed periods, the assessed value reported on a taxpayer's personal property return prevails).[8]  Accordingly, the Chapter 16 deadlines applied to require the PTABOA to issue its final determination by October 30, 2005, which it did not.

## II.  The Doctrines of Waiver and Estoppel

Allen County alternatively requests that the Court remand this matter to the Indiana Board, claiming that the record evidence does not support its determination that

---

[7]  Allen County complains that applying Chapter 16 deadlines to a county property tax assessment board of appeals' appeals process will leave assessing officials without recourse when, like here, a "taxpayer wait[s] until the day before the [Chapter 16] deadline to file its appeal." (See Pet'rs' Reply Supp. V. Pet. Judicial Review Final Determination [Indiana Bd.] ("Pet'rs' Reply Br.") at 9-10.)  Nonetheless, Allen County has conceded that assessing officials can avoid that situation by completing their duties in an "expedited fashion[.]" (See Pet'rs' Reply Br. at 9-10.)  Thus, to the extent Allen County's assessing officials desire a longer period to complete their duties, they may lobby the legislature for a statutory change.

[8]  Nonetheless, Amicus Curiae contends that Indiana Code 6-1.1-15-1(o) provided Verizon with only one remedy:  file an appeal with the Indiana Board. (See Amicus Br. at 5-6.)  Moreover, Allen County contends that a regulation, which provides that the "time limitations [under Chapter 16] apply to the review function of the county property tax assessment board of appeals, but not the appeal function under IC 6-1.1-15[,]" demonstrates that the Section 15-1 rather than Chapter 16 deadlines applied. (See Pet'rs' Br. at 12-13 (citing 50 IND. ADMIN. CODE 4.2-3.1-7 (2015) (see http://www.in.gov/legislative/iac/)).)  These contentions are unpersuasive for three reasons.

First, Indiana Code § 6-1.1-15-1(o) did not exist in 2005 and the Legislature did not provide any indication that it was to be effective retroactively. See Orange Cnty. Assessor v. Stout, 996 N.E.2d 871, 874 (Ind. Tax Ct. 2014).  Second, the DLGF adopted the regulation upon which Allen County has relied in 2010; therefore, it too did not apply in 2005. See Indianapolis Convention & Visitors Ass'n v. Indianapolis Newspapers, Inc., 577 N.E.2d 208, 215 (Ind. 1991) (providing that absent strong and compelling reasons, regulations are to be given prospective effect only).  Finally, even if the regulation had applied, its validity is doubtful because it is inconsistent with the plain language of Chapter 16, and is therefore, contrary to the legislative purpose. See LTV Steel Co. v. Griffin, 730 N.E.2d 1251, 1257 (Ind. 2000).

no genuine issues of material fact existed on the issues of waiver and estoppel.[9]  (See Pet'rs' Br. at 24-26.)  Allen County explains the doctrines should have applied because Verizon initiated its administrative appeal on a Friday, just two days before the deadline for PTABOA action, it subsequently requested a delay in the preliminary conference and PTABOA hearing, and then it did not object that the PTABOA's decision was untimely until three years later.  (See Pet'rs' Reply Br. Supp. V. Pet. Judicial Review Final Determination [Indiana Bd.] at 1-2.)  Allen County argues that the Indiana Board's weighing of those facts was improper because they created a genuine issue of material fact as to whether Verizon waived, or should be estopped from, invoking the Chapter 16 deadlines.  (See Oral Arg. Tr. at 35-40.)

"Waiver is the intentional relinquishment of a known right; an election by one to forego some advantage he might have insisted upon."  Lafayette Car Wash, Inc. v. Boes, 282 N.E.2d 837, 839 (Ind. 1972) (citations omitted).  While the doctrines of waiver and estoppel are similar, the two are not identical.  See id. at 839-40.  Indeed, "'[a] person who is in a position to assert a right or insist upon an advantage may by his own words or conduct, and without reference to any act or conduct of the other party affected thereby, waive such right[.]'"  Id. at 839 (citation omitted).  An estoppel, unlike a waiver, does not arise from the words or conduct of a single party.  Id. at 840.  "'To create an estoppel, the words or conduct of the party estopped must be calculated to mislead the other party, and such other party must be misled thereby and induced to act in such a way as to place him at a disadvantage.'"  Id. at 840 (citation omitted).

---

9  In making this claim, Allen County explains that "[w]hile there is no Indiana case law discussing whether or not the October 30 date in I.C. § 6-1.1-16-1(a)(2) is waiveable, there are other statutory hearing deadlines[, such as the "speedy trial rule"], that Indiana's courts have found can be waived."  (See Pet'rs' Br. at 24-25.)  The Court, however, need not determine whether the deadlines under Chapter 16 are subject to waiver to resolve this issue.

11

In its final determination, the Indiana Board explained that the doctrines of waiver and estoppel were inapplicable because the undisputed material facts, when viewed in the light most favorable to Allen County, showed that: 1) "Verizon simply filed its notice of review within the statutory deadline and [then] attempted to follow [Section 15-1's] procedures[;]" 2) Verizon was under no obligation to notify Allen County of its statutory deadlines; 3) the Township Assessor failed to file an appeal under Indiana Code § 6-1.1-16-2; 4) "Verizon did not represent either explicitly or implicitly that it would forego its rights under [Chapter 16;]"; and 5) "Allen County offered nothing to support a reasonable inference that it detrimentally relied on Verizon's actions." (See Cert. Admin. R. at 78-81.) The Indiana Board, therefore, did not weigh the facts that Allen County points to on appeal because they were not in dispute before the Indiana Board. Upon reviewing the administrative record, the Court finds that the Indiana Board's final determination is supported by facts in the record, and therefore, declines the apparent request to reweigh the evidence regarding the inapplicability of the doctrines of waiver and estoppel. See Cedar Lake Conference Ass'n v. Lake Cnty. Prop. Tax Assessment Bd. of Appeals, 887 N.E.2d 205, 207 (Ind. Tax Ct. 2008) (providing that the Court defers to the Indiana Board's factual findings that are supported by substantial evidence and reviews any questions of law that arise from those factual findings de novo), review denied. See also Ind. Trial Rule 56(C) (providing that summary judgment is proper when the designated evidence demonstrates that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law). Accordingly, the Court finds that the Indiana Board did not err in granting summary judgment to Verizon.

## CONCLUSION

For the foregoing reasons, the final determination of the Indiana Board is AFFIRMED.