ATTORNEYS FOR PETITIONER:
**MARK E. GIAQUINTA**
**MELANIE L. FARR**
**SARAH L. SCHREIBER**
HALLER & COLVIN, P.C.
Fort Wayne, IN

ATTORNEYS FOR RESPONDENT:
**JEFFREY T. BENNETT**
**BRADLEY D. HASLER**
BINGHAM GREENEBAUM DOLL LLP
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**

Oct 30 2015, 3:27 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | | |
|---|---|---|
| ALLEN COUNTY ASSESSOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 49T10-1408-TA-00053 |
| | ) | |
| VERIZON DATA SERVICES, INC., | ) | |
| | ) | |
| Respondent. | ) | |

ON APPEAL FROM THE FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**October 30, 2015**

WENTWORTH, J.

The Allen County Assessor claims that the Indiana Board of Tax Review erred in granting Verizon Data Services, Inc.'s motion for summary judgment and denying the Assessor's cross-motion for summary judgment. Upon review, the Court finds that the Indiana Board did not err.

## FACTS AND PROCEDURAL HISTORY

On May 15, 2007, Verizon filed its Business Tangible Personal Property Return with the Washington Township Assessor, reporting the assessed value of its personal

property at $16,200,000 for the 2007 tax year. On September 17, 2007, the Township Assessor timely issued a Notice of Assessment/Change (Form 113/PP) to Verizon increasing the assessment to $50,261,538.

By letter dated October 9, 2007, Verizon initiated the administrative appeals process by asking the Township Assessor to schedule a meeting regarding the Form 113/PP. (See Cert. Admin. R. at 217.) On October 12, 2007, the secretary of Allen County's Property Tax Assessment Board of Appeals (PTABOA) sent the following e-mail to Verizon:

> Please be advised, Washington Township will not be scheduling a meeting to discuss the 2007 personal property assessment for Verizon in Allen County. As you are aware, the 2005 & 2006[1] assessments are under appeal with the Indiana State Tax Board. Pending a determination regarding the 2005 & 2006 assessments, a meeting to discuss the 2007 assessment will be 'on hold'.
>
> Please let me know if you have any questions.

(Cert. Admin. R. at 135 (footnote added).) Verizon did not respond to the e-mail. On December 28, 2010, the Indiana Board resolved Verizon's 2005 appeal.

On July 26, 2012, Verizon filed a "Request For Relief Pursuant to Indiana Code § 6-1.1-16-1" with the PTABOA, requesting that it issue a determination that the assessed value of Verizon's personal property was $16,200,000 for the 2007 tax year. (See Cert. Admin. R. at 222-24.) Verizon asserted that it was entitled to that valuation because its 2007 personal property return was in substantial compliance with the applicable statutes and regulations and the PTABOA had not changed its assessment before October 30, 2007, as was required by Indiana Code § 6-1.1-16-1(a)(2)(A). (See Cert. Admin. R. at 223.)

---

[1] At that time, however, Verizon had not appealed its 2006 personal property assessment. (See Cert. Admin. R. at 28 n.3.)

2

On July 30, 2012, before the PTABOA responded to its Request, Verizon filed a Petition for Review (Form 131) with the Indiana Board. On November 5, 2012, Verizon filed a Motion for Summary Judgment, and the Assessor filed a Cross-Motion for Summary Judgment on January 9, 2013.[2] The Indiana Board held a hearing on June 12, 2013, during which Verizon claimed that its personal property should be assessed at $16,200,000 because the PTABOA failed to comply with the deadlines set forth in Indiana Code §§ 6-1.1-16-1 to -4 (Chapter 16). (See Cert. Admin. R. at 148-55.) In response, the Assessor asserted that Verizon's motion should be denied because it had acquiesced to the delay and thus waived its right to have a PTABOA hearing within the statutorily prescribed period and had failed to show that it suffered any prejudice. (See Cert. Admin. R. at 114-18, 162-64, 177-78.) The Assessor also claimed that she was entitled to judgment as a matter of law because Verizon's Form 131 was untimely filed pursuant to Indiana Code § 6-1.1-15-1 (Section 15-1) and § 6-1.1-15-3 (Section 15-3). (See Cert. Admin. R. at 109-14, 129-37, 157-64, 194-96.) On July 3, 2014, the Indiana Board granted Verizon's Motion for Summary Judgment and denied the Assessor's Cross-Motion for Summary Judgment.

On August 14, 2014, the Assessor initiated this original tax appeal. The Court heard oral argument on April 23, 2015. Additional facts will be supplied if necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Hubler Realty Co. v. Hendricks Cnty. Assessor, 938 N.E.2d 311, 313 (Ind. Tax Ct. 2010). The Court will reverse a final determination if

---

[2] By 2013, the Township Assessor's duties had been assumed by the Assessor. (See Cert. Admin. R. at 107, n.1.)

it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence.  IND. CODE § 33-26-6-6(e)(1)-(5) (2015).

## DISCUSSION

On appeal, the Assessor claims that the Indiana Board's final determination must be reversed because it erred in determining that the Chapter 16 rather than the Section 15-1 deadlines governed the PTABOA's appeals process.  (See Pet'r Br. Supp. V. Pet. Judicial Review Final Determination [Indiana Board] ("Pet'r Br.") at 7-8.)  Alternatively, the Assessor claims that the Chapter 16 deadlines should not be enforced because Verizon waived its right to invoke the deadlines and failed to show that it suffered any prejudice.  (See Pet'r Br. at 8-13.)  Moreover, the Assessor claims that Indiana case law indicates that the merits should be reached and that Verizon's Form 131 was timely filed because it misinterpreted Sections 15-1 and 15-3.  (See Pet'r Br. at 10-11, 13-17.)

### 1.  The Section 15-1 and Chapter 16 Deadlines

In a companion case issued concurrently with this decision, the Court has held that for purposes of personal property, the Chapter 16 deadlines applied not only to the assessment process, but also to the appeals process.  See Washington Twp. Assessor v. Verizon Data Servs., Inc. (Verizon I), No. 49T10-1102-TA-00013, slip op. at 4-10 (Ind. Tax Ct. Oct. 30, 2015).  Accordingly, the Indiana Board did not err in determining that

4

Chapter 16 governed the PTABOA's appeals process.[3]

## 2. Waiver

The Assessor contends in the alternative that the Indiana Board erred in granting Verizon's summary judgment motion because there was a genuine issue of material fact regarding Verizon's waiver of those deadlines. (See Pet'r Br. at 8-10.) More specifically, the Assessor explains that when the PTABOA sent the e-mail to Verizon stating that its proceedings would be stayed until the Indiana Board resolved Verizon's 2005 appeal, Verizon waived the right to invoke the Chapter 16 deadlines by acquiescing in the delay for nearly five years.[4] (See Pet'r Br. at 9-10; Oral Arg. Tr. at 29-30.)

"Waiver is an intentional relinquishment of a known right, requiring both knowledge of the existence of the right and intention to relinquish it." Pohle v. Cheatham, 724 N.E.2d 655, 659 (Ind. Ct. App. 2000) (citation omitted). Waiver may be shown by express or implied consent, and, therefore, the right may be lost by a course of conduct which estops its assertion. Id. Nonetheless, because waiver is an affirmative act, a party's mere silence, acquiescence, or inactivity does not constitute waiver unless the party has a duty to speak or act. Id. Thus, the resolution of this issue depends on whether Verizon had a duty to speak or act under Chapter 16.

When Verizon appealed the Township Assessor's Form 113/PP on October 9, 2007 to the PTABOA, Chapter 16 required the PTABOA to issue a final determination regarding the assessment change on or before October 30, 2007. See IND. CODE § 6-

---

[3] The Assessor has incorporated by reference its briefs and arguments from Verizon I to support its contention that the deadlines under Section 15-1 applied. (See Pet'r Br. Supp. V. Pet. Judicial Review Final Determination [Indiana Board] at 7-8.)

[4] The Court will assume, without deciding, that the provisions of Chapter 16 may be waived.

1.1-16-1(a)(2)(A) (2007) (amended 2008). See also Verizon I, No. 49T10-1102-TA-00013, slip op. at 4-10. When the PTABOA failed to issue a final determination by that date, Chapter 16 provided that the Township Assessor could act to preserve its assessment change by filing a petition for review with the Indiana Board in the manner and period provided in Indiana Code § 6-1.1-15-3(d). See IND. CODE § 6-1.1-16-2(a) (2007) (amended 2008). The Township Assessor, however, did not file a petition for review with the Indiana Board and, as a result, the assessed value reported on Verizon's 2007 personal property return was automatically reinstated as the final value. See I.C. § 6-1.1-16-1(b) (providing that when a county property tax assessment board of appeals "fails to change an assessment and give notice of the change within the time prescribed by [Indiana Code § 6-1.1-16-1], the assessed value claimed by the taxpayer on the personal property return is final"). Thus, while the provisions of Chapter 16 indicate that the PTABOA and the Township Assessor had a duty to act or speak, they do not indicate that Verizon had any such duty when the PTABOA informed Verizon of the Township Assessor's intent to delay their meeting.[5] Therefore, the Indiana Board did not err in determining that there was no genuine issue of material fact regarding Verizon's waiver of the Chapter 16 deadlines.

### 3. Prejudice

Next, the Assessor contends that the Indiana Board erred in granting Verizon's

---

[5] Even if Verizon had a duty to act under Chapter 16, the PTABOA's e-mail did not require Verizon to object to a delay of the PTABOA's proceedings: the e-mail only provided that the meeting between the Township Assessor and Verizon would be delayed. (See Cert. Admin. R. at 135.) See also IND. CODE § 6-1.1-15-1(h) (2007) (amended 2008) (providing that "[b]efore the [county property tax assessment board of appeals] holds the hearing required under subsection (g), the taxpayer may request a meeting by filing a written request with the county or township official with whom the taxpayer filed the notice for review") (emphasis added); Lafayette Car Wash, Inc. v. Boes, 282 N.E.2d 837, 840 (Ind. 1972) (providing that "'[a] person cannot [] waive a right before he is in a position to assert it'") (citation omitted).

6

motion for summary judgment because "Verizon, has not, and indeed cannot, show any prejudice resulting from the PTABOA's failure to hold a hearing prior to October 30, 2007." (Pet'r Br. at 11-12.) The Assessor accordingly maintains that Verizon "should [not] be permitted to reap a $34,000,000 windfall in the assessment of its business personal property because a contested date was missed." (See Pet'r Br. at 12.)

As explained above, Chapter 16 provided the Assessor with a mechanism to preserve its assessment change when the PTABOA failed to issue a final determination within the statutorily prescribed period: the Assessor simply needed to file a petition for review with the Indiana Board. See I.C. § 6-1.1-16-2(a). The Assessor did not utilize that mechanism and, as a result, the assessed value reported on Verizon's 2007 return was automatically reinstated as the final value pursuant to Indiana Code § 6-1.1-16-1(b). Nothing within the provisions of Chapter 16 suggests, however, that the reinstatement of Verizon's self-reported assessed value was contingent upon a showing of prejudice. See SAC Fin., Inc. v. Indiana Dep't of State Revenue, 24 N.E.3d 541, 546-47 (Ind. Tax Ct. 2014) (explaining that the Court may not construe an unambiguous statute in a manner that would extend or contract its meaning by reading in language to correct supposed omissions), review denied. Therefore, the Court finds that the Indiana Board did not err in granting Verizon's motion for summary judgment on this basis.

### 4. Indiana Case Law

The Assessor also contends that the Indiana Board's grant of summary judgment to Verizon is improper because it "goes against the judicial tide." (Pet'r Br. at 12.) The Assessor explains that "[t]he clear pattern in recent appellate decisions shows a clear willingness by courts to forgive procedural errors, <u>even where a consequence for the</u>

7

failure is specified." (Pet'r Br. at 12 (citing, e.g., In re Adoption of O.R., 16 N.E.3d 965 (Ind. 2014); Packard v. Shoopman, 852 N.E.2d 927 (Ind. 2006)).) The Assessor further explains that the case deserves a determination on the merits because it concerns the constitutionality of Indiana's personal property assessment scheme, placing government finances at stake. (See Pet'r Br. at 10-11.) The Court disagrees.

The cases upon which the Assessor has relied do not establish that appellate courts routinely excuse procedural defects to reach the merits of a case. Rather, the cases the Assessor cites, decided approximately eight years apart, explain that certain procedural defects, such as the untimely filing of a Notice of Appeal or complaint, are not defects that implicate a court's subject matter jurisdiction. See O.R., 16 N.E.3d at 969-71; Packard, 852 N.E.2d at 930-32. As a result, when "extraordinarily compelling reasons," such as the termination of the parent-child relationship, are at issue, an appellate court may reach the merits of a case despite the procedural defects. See O.R., 16 N.E.3d at 971-72.

Here, the fact that the claim regarding the constitutionality of Indiana's personal property assessment scheme is unresolved does not compel the Court to remand this case to the Indiana Board because the Assessor could have presented this very argument to the Indiana Board, but did not do so. (See Cert. Admin. R. at 106-19, 129-38, 156-66, 176-80, 194-99.) See also Kooshtard Prop. VIII, LLC v. Shelby Cnty. Assessor, 987 N.E.2d 1178, 1181-82 (Ind. Tax Ct. 2013) (explaining that claims may be waived when a litigant could have, but failed to, present them to the Indiana Board), review denied. Accordingly, the Court declines to provide the Assessor with a second bite of the proverbial apple at the expense of both Verizon and the Indiana Board.

## 5. Verizon's Form 131

The Assessor's final claim is that the Indiana Board erred in concluding that Verizon's Form 131 was timely filed because it misinterpreted Sections 15-1 and 15-3. (See Pet'r Br. at 13-17; Oral Arg. Tr. at 9-17.) Section 15-1, in relevant part, provides:

> If the maximum time elapses . . . under subsection (k)[6] for the [county property tax assessment board of appeals] to hold a hearing . . . the taxpayer may initiate a proceeding for review before the Indiana board by taking the action required by [Indiana Code § 6-1.1-15-3] at any time after the maximum time elapses.

IND. CODE § 6-1.1-15-1(o) (2008) (footnote added). In turn, Section 15-3 provides that:

> In order to obtain review by the Indiana board under this section, the party must, not later than forty-five (45) days after the date of the notice given to the party or parties of the determination of the [county property tax assessment board of appeals]: (1) file a petition for review with the Indiana board; and (2) mail a copy of the petition to the other party.

IND. CODE § 6-1.1-15-3(d) (2008). The Assessor claims that Section 15-3 imposes a 45-day deadline for filing a petition for review under Section 15-1 and, thus, Verizon should have filed its Form 131 with the Indiana Board on May 22, 2008, "the first business day following the expiration of one hundred eighty (180) days" from Verizon's letter of October 9, 2007, not, as it did, more than five years later on July 30, 2012. (See Pet'r Br. at 15-16.) This claim is unpersuasive for two reasons.

First, the deadlines of Chapter 16, not those of Section 15-1, dictated when the PTABOA was to conduct its hearing. See Verizon I, No. 49T10-1102-TA-00013, slip op. at 4-10. The Assessor's reliance on the Section 15-1 deadlines is therefore misplaced.

---

[6] Subsection (k) provides that when a county property tax assessment board of appeals does not receive a form regarding a taxpayer and assessing official's preliminary meeting within 120 days after the taxpayer files its written notice for review, the county property tax assessment board of appeals shall hold a hearing not later than 180 days after the date of the taxpayer's written notice. See IND. CODE § 6-1.1-15-1(k) (2008) (amended 2009).

In fact, Verizon did not need to file the Form 131 with the Indiana Board at all because the provisions of Chapter 16 that reinstated its self-reported 2007 personal property assessment were self-executing.

Even if the deadlines under Section 15-1 applied, however, Verizon's Form 131 was still timely filed. Specifically, Section 15-1 expressly provides that "the taxpayer may initiate a proceeding for review before the Indiana board by taking the action required by [Indiana Code § 6-1.1-15-3] at any time after the maximum time elapses." I.C. § 6-1.1-15-1(o) (emphasis added). When a statute is clear and unambiguous, as here, the Court need only give the statute's words and phrases their plain, ordinary, and usual meanings. See City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007). Here, the word "any" means "great, unmeasured, or unlimited in amount, quantity, number, time, or extent[.]" WEBSTER'S THIRD NEW INT'L DICTIONARY 97 (2002 ed.) Thus, while Section 15-1 allows a taxpayer to file a petition for review with the Indiana Board when a county property tax assessment board of appeals fails to conduct a hearing within the statutorily prescribed period, it does not require the taxpayer to file the petition within 45 days after the county property tax assessment board of appeals' hearing deadline elapses, as the Assessor urges. See SAC Fin., 24 N.E.3d at 546-47. Indeed, had the Legislature intended for the deadline under Section 15-3 to apply to a Section 15-1 appeal to the Indiana Board, it would have said as much in the statute itself. See Hutcherson v. Ward, 2 N.E.3d 138, 143-44 (Ind. Tax Ct. 2013) (explaining that the Court will not "invade the domain of the Legislature and write in a limitations period where none exists") (citation omitted). Consequently, the Indiana Board did not err in concluding that Verizon's Form 131 was timely filed.

**CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the final determination of the Indiana Board.