ATTORNEYS FOR PETITIONER:
**MARK E. GIAQUINTA**
**SARAH L. SCHREIBER**
HALLER & COLVIN, P.C.
Fort Wayne, IN

ATTORNEY FOR RESPONDENT:
**BRADLEY D. HASLER**
BINGHAM GREENEBAUM DOLL LLP
Indianapolis, IN

_____

# IN THE
# INDIANA TAX COURT

_____

|  |  |  |
|---|---|---|
| KOSCIUSKO COUNTY ASSESSOR, | ) | |
| Petitioner, | ) | |
| v. | ) | Cause No. 19T-TA-00010 |
| DALTON CORPORATION, | ) | |
| Respondent. | ) | |

FILED

Oct 30 2020, 4:50 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

_____

ON APPEAL FROM A FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

_____

**FOR PUBLICATION**
**October 30, 2020**

WENTWORTH, J.

The Kosciusko County Assessor challenges the Indiana Board of Tax Review's final determination that Dalton Corporation's 2017 personal property tax assessment was final. Upon review, the Court affirms the Indiana Board.

**FACTS AND PROCEDURAL HISTORY**

On May 15, 2017, Dalton filed personal property tax returns with the Assessor, reporting the assessed value of its personal property for the 2017 tax year and claiming, among other things, an adjustment for abnormal obsolescence. (See Cert. Admin. R. at

23-56.) On October 27, 2017, the Assessor issued a Notice of Assessment/Change (Form 113) that increased Dalton's assessed value by removing its abnormal obsolescence adjustment. (See Cert. Admin. R. at 59, 342-43.)

On December 6, 2017, Dalton appealed the assessment increase to the Kosciusko County Property Tax Assessment Board of Appeals (PTABOA) pursuant to Indiana Code § 6-1.1-15 ("Chapter 15"). (See Cert. Admin. R. at 5-10, 78-83.) On April 16, 2018, the PTABOA heard Dalton's appeal and two days later, on April 18, 2018, affirmed the Assessor's removal of the obsolescence adjustment. (Cert. Admin. R. at 84-90.)

On May 22, 2018, Dalton filed a Petition for Review of Assessment (Form 131) with the Indiana Board claiming its personal property was entitled to the abnormal obsolescence adjustment. (Cert. Admin. R. at 1-4.) During the Indiana Board's November 28, 2018, hearing, however, Dalton's sole argument was that the values it reported on its 2017 personal property tax return should have been deemed final as a matter of law because the PTABOA failed to issue its final determination by the October 30th deadline as required under Indiana Code § 6-1.1-16 ("Chapter 16"). (See, e.g., Cert. Admin. R. at 336, 338.) On February 26, 2019, the Indiana Board issued its final determination that did not include any analysis of the merits of the abnormal obsolescence adjustment, but concluded that Dalton's self-reported assessed values were final under Chapter 16, effectively granting the obsolescence adjustment. (See Cert. Admin. R. at 323-32.)

On April 12, 2019, the Assessor initiated this original tax appeal. The Court heard oral argument on October 10, 2019. Additional facts will be supplied if necessary.

2

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Hubler Realty Co. v. Hendricks Cnty. Assessor, 938 N.E.2d 311, 313 (Ind. Tax Ct. 2010). The Court will reverse a final determination if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33-26-6(e)(1)-(5) (2020).

## LAW & ANALYSIS

On appeal, the Assessor asserts that Dalton waived its right to claim that the October 30 deadline in Chapter 16 applied to the timing of the PTABOA's final determination because 1) Dalton did not raise this issue on its Form 131 or obtain consent to do so from the Assessor and 2) Dalton appealed its increased assessed value under Chapter 15, acquiescing to the authority of its deadlines. (See Pet'r Br. at 13-14, 34-37; Pet'r Reply Br. at 9-19.) In addition, the Assessor raises many of the same arguments made and resolved in Washington Township Assessor v. Verizon Data Services, Inc., 43 N.E.3d 697 (Ind. Tax Ct. 2015), review denied ("Verizon I") and Allen County Assessor v. Verizon Data Services, Inc., 43 N.E.3d 705 (Ind. Tax Ct. 2015), review denied ("Verizon II"), contending they deserve reconsideration by the Court due to "the significant factual differences between those decisions and this case." (See Pet'r Reply Br. at 6.)

3

## I. Waiver

### A. Issue Not Pled on Form 131

The Assessor claims that Dalton waived its right to argue that its self-reported values are final under Indiana Code § 6-1.1-16-1(b) because it did not include the issue on its Form 131 nor did it obtain the Assessor's consent to raise it thereafter. (See Pet'r Br. at 13-14, 18, 34-37; Pet'r Reply Br. at 7-19.) A taxpayer is required to specify the reasons for believing the assessed value is incorrect on its petition for review (Form 131). See IND. CODE § 6-1.1-15-3(e) (2018) (amended 2020). Also, a taxpayer is permitted to amend its petition and may do so even as close as any day within 15 days before the hearing with the consent of the other parties. See 52 IND. ADMIN. CODE 2-5-1, -2 (2018) (repealed 2020).

The record reveals that Dalton neither raised the October 30 deadline issue on its Form 131 nor amended its Form 131 to include the issue. (See, e.g., Cert. Admin. R. at 1-4) (See also, e.g., Pet'r Reply Br. at 7.) Nonetheless, Dalton's failure to plead the issue on its Form 131 or to include it in an amendment to its Form 131 did not prohibit Dalton from raising the new issue at the Indiana Board hearing.

Indiana Rule of Trial Procedure 15(B) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Ind. Trial Rule 15(B). See also 52 IND. ADMIN. CODE 2-1-2.1 (2018) (repealed 2020) (stating that the Indiana Rules of Trial Procedure apply to property tax appeals to the extent they do not conflict with the governing property tax statutes or regulations). Accordingly, the pivotal issue is whether the Assessor gave her consent to trying the October 30 deadline issue that Dalton brought

4

up for the first time at the Indiana Board hearing.

When an issue is not included in the pleadings, but is raised at trial, the party opposed to trying the newly raised issue must object or the lack of objection is deemed to be implied consent. See Schoemer v. Hanes & Assocs., 693 N.E.2d 1333, 1340 (Ind. Ct. App. 1998). The Assessor tells the Court that she did not consent to trying the October 30 deadline issue. (See Pet'r Reply Br. at 5, 9-15 (citing, e.g., Cert. Admin. R. at 343, 347).) In support, she references her obvious surprise that Dalton made the single argument that the PTABOA's failure to issue its final determination by October 30, 2017, was dispositive, instead of addressing the abnormal obsolescence claim contained in its Form 131:

> [Dalton]: . . . The way we would frame the issue, your honor, is that for the personal property tax at issue . . . [t]he PTABOA did not [make a change to Dalton's assessment] by October 30, 2017 and as a result under Ind[iana] Code § 6-1.1-16-1 and the case law construing that, the amount claimed by the taxpayer on its original 2017 return should be deemed final.
>
> * * * * *
>
> [Assessor]: Ok. You had made a statement that failure to file before October 30th, could you clarify what you were meaning on that?
>
> [Dalton]: I would just refer to my opening statement[.]
>
> * * * * *
>
> [Deputy Assessor]: I just, this is [the Deputy Assessor] speaking, I was not sure what [Dalton's counsel] even said on point. He made it sound like, if I wrote it down right, that the[re is] something about the time, it was untimely. Something was untimely done with the PTABOA. Is that, did I, is that what I heard?
>
> [Assessor]: I heard before October 30th, that was my question.

5

(Cert. Admin. R. at 338, 347.)  As further evidence that she did not consent to trying the October 30 deadline issue, the Assessor explains to the Court that her focus "entirely on [the] abnormal obsolescence" issue at the hearing is not consistent with implying consent to try the new issue.  (See Pet'r Reply Br. at 9-10.)  Moreover, the Assessor maintains that she asked clarifying questions at the hearing as attempts to object to litigating the new issue, but the Administrative Law Judge ("ALJ") frustrated her attempts by telling her to refrain.  (See Pet'r Reply Br. at 10-12.)  Accordingly, the Assessor urges the Court to find that "[t]his was a trial by ambush to which [she] did not consent[.]"  (See Pet'r Reply Br. at 5.)

The Assessor's reasoning is faulty for two reasons.  First, the record demonstrates that the Assessor actually engaged in litigating the new issue at the hearing by offering her rebuttal to Dalton's position that the PTABOA did not comply with the October 30, 2017, deadline:

> [Assessor]:  To clarify that part of it, in [Indiana C]ode [§] 6-1.1-16-1, I guess what I read in it is the county assessor or county property tax assessment board of appeals must make a change in the assessed value, including the final determination by the board of the assessment changed by the assessing official and giving notice of the change on or before.  <u>So I am assuming our notice of the [Form] 113 on October 27 was our official notice of the change that we made removing the obsolescence</u>.

(Cert. Admin. R. at 348 (emphasis added).)

Second, the record does not demonstrate that the Assessor objected to litigating Dalton's October 30 deadline issue at the Indiana Board hearing.  (See generally Cert. Admin. R.)  Asking clarifying questions is not tantamount to making an objection.  Moreover, the record shows that her questions were not accompanied by any grounds

6

supporting an objection. Furthermore, the Assessor's lament that her efforts to object were impeded by the ALJ's interjections during her questioning are also unavailing. She showed no similar reticence during Dalton's closing argument in asserting a full-throated "I object" to Dalton's reference to Verizon I and Verizon II because Dalton had not offered them into evidence.[1] (Cert. Admin. R. at 360.) Accordingly, the Court finds that by responding to the newly raised issue and failing to object to it, the Assessor consented, both overtly and by implication, to trying the issue. Therefore, Dalton did not waive its right to raise the issue by not including it in its Form 131 petition, and the Court will not reverse the final determination on this basis.

## B. Acquiesced to Chapter 15 Deadlines

The Assessor also asks the Court to find that Dalton waived its right to benefit from the October 30 deadline in Chapter 16, which governs the assessment process, by acquiescing to the authority of the deadlines in Chapter 15, which governs the appeals process, when it filed its appeal under Chapter 15's appeal procedures. (See Pet'r Br. at 13-14, 34-37; Pet'r Reply Br. at 9-19.) This claim is akin to claims previously made and resolved in Verizon I and Verizon II. See, e.g., Washington Twp. Assessor v. Verizon Data Servs., Inc. ("Verizon I"), 43 N.E.3d 697, 703 (Ind. Tax Ct. 2015), review denied; Allen Cnty. Assessor v. Verizon Data Servs., Inc. ("Verizon II"), 43 N.E.3d 705, 708-09 (Ind. Tax Ct. 2015), review denied. Notwithstanding, the Assessor asks the Court to reconsider those decisions because "each assessment and each tax year stand alone" and "significant factual differences [exist] between this case and the Verizon [d]ecisions." (Pet'r Reply Br. at 5 (emphasis omitted).)

---

[1] The Indiana Board overruled the Assessor's objection in its final determination. (Cert. Admin R. at 325 ¶ 8.)

The Assessor points to factual differences between <u>Verizon I</u> and <u>Verizon II</u> and Dalton. (Pet'r Reply Br. at 5.) For example, the Assessor notes that in both Verizon I and Verizon II, Verizon appealed the change in its assessments prior to the expiration of the October 30 deadline – October 28 in <u>Verizon I</u> and October 9 in <u>Verizon II</u>. (<u>See, e.g.,</u> Pet'r Reply Br. at 5-7.) <u>See</u> <u>also, e.g.,</u> <u>Verizon I</u>, 43 N.E.3d at 699; <u>Verizon II</u>, 43 N.E.3d at 706. Dalton, however, filed its appeal more than a month after the October 30 deadline.

The Assessor further observes that Verizon took no affirmative actions that would indicate acquiescence to the Chapter 15 appeals process; whereas, Dalton affirmatively participated, without objection, in the appeals process by attending the preliminary meeting and the hearing before the PTABOA. (<u>See, e.g.,</u> Pet'r Reply Br. at 5-7.) <u>See also, e.g.,</u> <u>Verizon I</u>, 43 N.E.3d at 703-04; <u>Verizon II</u>, 43 N.E.3d at 708-09. Accordingly, the Assessor argues to the Court that Dalton's affirmative acts more convincingly demonstrate waiver of the October 30 deadline than the silent acquiescence in <u>Verizon I</u> and <u>Verizon II</u> that the Court found did not demonstrate waiver. <u>See Verizon I</u>, 43 N.E.3d at 704; <u>Verizon II</u>, 43 N.E.3d at 708. These differences, however, do not lead to a different result here.

The Assessor did not raise the issue at the Indiana Board hearing or present evidence that can be found in the certified administrative record regarding this waiver-due-to-acquiescence issue – that Dalton waived its right to claim Indiana Code § 6-1.1-16-1 as decisive of the final value of its 2017 personal property. "'The general rule in original tax appeals is that the Court is bound by the evidence and issues raised at the administrative level. Therefore, where a taxpayer fails to raise an issue at the administrative level, the issue is waived and may not be considered by the Court.'" <u>See</u>

8

Inland Steel Co. v. State Bd. of Tax Comm'rs, 739 N.E.2d 201, 220 (Ind. Tax Ct. 2000) (citation omitted), review denied.

That said, even if the Court were able to consider this issue, the factual distinctions the Assessor identifies are not persuasive that Dalton's appeal filed after October 30, 2017, was an affirmative act of acquiescence to the Chapter 15 deadlines. Indeed, Dalton had the right to appeal to protect its tax position, which is not automatically an affirmative act of acquiescence to the Chapter 15 deadlines superseding and nullifying the October 30 deadline in Chapter 16. Accordingly, the Court will not reverse the final determination on this basis either.

## II. Reconsideration of Verizon I & Verizon II

Finally, the remainder of the Assessor's arguments are the same as those made and resolved in Verizon I and Verizon II. Apparently, the Assessor considers them, like the waiver issue discussed above, deserving of reconsideration by the Court. The Court notes that the Assessor did not raise them before the Indiana Board, but rather, raised them for the first time in this original tax appeal, which precludes this Court's consideration. Even if the issues were justiciable in this Court, however, Verizon I and Verizon II are controlling precedent to which the Court adheres, obliging the Court to decide these issues against the Assessor. Accordingly, the Court will not reverse the Indiana Board's final determination on these grounds.

## CONCLUSION

For the foregoing reasons, the final determination of the Indiana Board is AFFIRMED, and the matter is REMANDED to the Indiana Board to ensure the Assessor reinstates the assessed values Dalton reported on its 2017 personal property tax return.