P/A BUILDERS & DEVELOPERS, LLC, Petitioner,

v.

JENNINGS COUNTY ASSESSOR, Respondent;

Hurricane Food, Inc., Petitioner,

v.

White River Township Assessor, Respondent;

Kooshtard Property VI, LLC, Petitioner,

v.

White River Township Assessor, Respondent.

Nos. 49T10–0409–TA–47, 49T10–0412–TA–56, 49T10–0412–TA–57.

Tax Court of Indiana.

Feb. 10, 2006.

Timothy J. Vrana, Timothy J. Vrana LLC, Columbus, for Petitioners.

Steve Carter, Attorney General of Indiana, Allen R. Morford, Deputy Attorney General, Indianapolis, for Respondents.

## ORDER ON PETITIONERS' PETITIONS FOR REHEARING

FISHER, J.

On November 3, 2005, this Court issued an opinion in each of the above-captioned cases. In both *P/A Builders* and *Kooshtard Property,* the Court upheld the local assessing official's 2002 assessment of the real property at issue because neither petitioner had presented a prima facie case that its assessment was erroneous. *See P/A Builders & Developers, LLC v. Jennings County Assessor,* No. 49T10-0409-TA-47, slip op. at 10, 837 N.E.2d 661 (Ind. Tax Ct. Nov. 3, 2005); *Kooshtard Property VI, LLC v. White River Twp. Assessor,* 836 N.E.2d 501, 506 (Ind. Tax Ct.2005). In *Hurricane Food,* the Court reversed the local assessing official's 2002 assessment of the real property at issue because the evidence indicated that the assessment

also included the value of personal property. *See Hurricane Food, Inc. v. White River Twp. Assessor,* 836 N.E.2d 1069, 1074–75 (Ind. Tax Ct.2005).

On December 5, 2005, the Petitioners in these three cases filed a Petition for Rehearing, pursuant to Indiana Appellate Rule 54, requesting that the Court reconsider its holdings.[1] After reviewing the Petition and holding a hearing thereon, the Court now DENIES the Petition.

## ANALYSIS & ORDER

The Petitioners maintain that the Court must reconsider its holdings in their cases because they "ignore the rule of law." (*See* Pet'rs Pets. for Reh'g at 1,13.) More specifically, the Petitioners attempt to convince the Court that: (1) when assessing real property in Indiana, assessing officials are limited to applying the cost approach under Indiana's Assessment Manual and Guidelines; (2) in the cases at bar, the assessing officials blatantly chose to ignore that law and adjusted the assessments to what they believed more accurately reflected the properties' market values-in-use; and (3) in ruling as it did, the Court has endorsed that misapplication of the law. (*See, e.g.,* Pet'rs Pets. for Reh'g at 6–10.) The Court, however, is not convinced.

■ When this Court issued its opinions in the above-captioned cases, it explained in great length that the goal of Indiana's new property assessment (and taxation) system is to ascertain a property's market value-in-use. The Court also explained that in order to achieve that goal, the law, as set forth in Indiana's Assessment Manual and Guidelines, provides that assessing officials may use a variety of approaches to determine a property's market value-in-use, including the cost approach. Nevertheless, the Assessment Manual and Guidelines also *explicitly provide* that an assessing official's use of the cost approach is "merely the starting point" for determining a property's market value-in-use and, as a result, any adjustments made to an assessment completed under the cost approach in order to more accurately reflect a property's market value-in-use are proper. *See* IND. ADMIN. CODE tit. 50, r. 2.3–1–1(d) (2002 Supp.) (explaining that an assessing official's incorrect application of the cost approach will not necessarily invalidate the assessment as long as it is a reasonable measure of the property's market value-in-use). Accordingly, the assessing officials did not ignore the law when they assessed the Petitioners' properties; rather, they complied with it.

■ The system under which Indiana now assesses and taxes property is a departure from past practice. Indiana's old system of property assessment (i.e., pre–2002) was concerned solely with the methodology used to arrive at a property's assessed value. Indeed, a property's assessed value bore no relation to any external, objectively verifiable standard of measure. Simply put, under the old system, a property's assessed value was correct as long as the assessment regulations were applied correctly. The new system, in contrast, shifts the focus from mere methodology to determining whether the assessed value *is actually correct.* This goal can now be accomplished because an external, objectively verifiable standard by which to measure assessment accuracy—market value-in-use—has been established. Consequently, when a taxpayer challenges its assessment under this new system, it cannot merely argue form over

---

**1.** While each of the three Petitioners filed a separate Petition for Rehearing, the three Petitions are substantially identical. The Court will, therefore, refer to the three Petitions collectively as one.

substance. Rather, the taxpayer must demonstrate that the assessed value as determined by the assessing official does not accurately reflect the property's market value-in-use.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Petitioners' Petition.