**KOOSHTARD PROPERTY VIII, LLC, Petitioner,**

v.

**SHELBY COUNTY ASSESSOR, Respondent.**

No. 49T10–1011–TA–58.

Tax Court of Indiana.

April 29, 2013.

Timothy J. Vrana, Timothy J. Vrana LLC, Columbus, IN, Attorney for Petitioner.

Marilyn S. Meighen, Attorney at Law, Carmel, IN, Attorney for Respondent.

WENTWORTH, J.

This case concerns whether the Indiana Board correctly found that Kooshtard failed to establish a *prima facie* case that its land was overassessed. The Court finds that it did.

## FACTS AND PROCEDURAL HISTORY

During the 2006 and 2007 tax years (the years at issue), Kooshtard owned two acres of land in Shelbyville, Indiana on which a convenience store and gas station were located. In valuing those two acres, the assessing officials applied a positive influence factor[1] of 100% that increased their value from a base rate of $200,000 per acre to $400,000 per acre.

Believing that the assessments were erroneous, Kooshtard timely filed two petitions for review, first with the Shelby County Property Tax Assessment Board of Appeals (PTABOA) and then with the Indiana Board. The Indiana Board consolidated the petitions and held a hearing.

---

1. An "influence factor" is a multiplier, expressed as a positive or negative percentage that is applied to the value of land to account for its unique conditions or features. *See* Real Property Assessment Guidelines For 2002—Version A (2004 Reprint) (Guidelines) (incorporated by reference at 50 Ind. Admin. Code 2.3–1–2 (2002 Supp.)), Bk. 2, Glossary at 10.

On October 8, 2010, the Indiana Board issued a final determination upholding the assessments.

Kooshtard appealed to this Court on November 22, 2010. The Court heard oral argument on June 17, 2011. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

▪ The party seeking to overturn an Indiana Board final determination bears the burden to demonstrate that it is invalid. *Hubler Realty Co. v. Hendricks Cnty. Assessor*, 938 N.E.2d 311, 313 (Ind. Tax Ct.2010) (citation omitted). Consequently, Kooshtard must demonstrate to the Court that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial or reliable evidence. *See* IND.CODE § 33–26–6–6(e)(1), (5) (2013).

## LAW

▪ In Indiana, real property is assessed on the basis of its market value-in-use: the value "of a property for its current use, as reflected by the utility received by the owner or a similar user, from the property[.]" 2002 REAL PROPERTY ASSESSMENT MANUAL (Manual) (incorporated by reference at 50 IND. ADMIN. CODE 2.3–1–2 (2002 Supp.)) at 2. *See also* IND.CODE § 6–1.1–31–6(c) (2006). To determine a property's market value-in-use, assessing officials refer to a series of guidelines that explain the valuation process for both land and improvements. *See* REAL PROPERTY ASSESSMENT GUIDELINES FOR 2002—VERSION A (Guidelines) (incorporated by reference at 50 I.A.C. 2.3–1–2), Bks. 1 and 2.

▪ With respect to land, the guidelines call for the development of neighborhood valuation forms, which establish "base rates" for commercial, industrial, and residential land in each of the townships throughout the county. *See generally* Guidelines, Bk. 1, Ch. 2. These guidelines merely provide the starting point, however, for an assessing official to determine the market value-in-use of land. *See, e.g.,* Guidelines, Bk. 1, Ch. 2 at 16 (explaining that in selecting base rates for land valuation, the guidelines stress that "the pricing method for valuing the neighborhood is of less importance than arriving at the correct value of the land as of the valuation date"). In certain instances, assessing officials must adjust their assessments to arrive at a property's actual market value-in-use. *See* Manual at 2.[2] For example, assessing officials may apply an influence factor to a land assessment to account for an increase or decrease in value caused by the land's shape, size, view, or any other peculiar condition. *See* Guidelines, Bk. 1, Ch. 2 at 93–96; *supra* note 1.

▪ While assessments made pursuant to Indiana's assessment guidelines are presumed to be accurate, a taxpayer may rebut this presumption with evidence that indicates that the property's assessment does not accurately reflect its market-value-in-use. Manual at 5. "Such evidence may include actual construction costs, sales information [or assessments] regarding the subject or comparable properties, appraisals that are relevant to the market value-in-use of the property, and any other information compiled in accordance with gener-

---

**2.** *See also, e.g., Hurricane Food, Inc. v. White River Twp. Assessor*, 836 N.E.2d 1069, 1074 (Ind. Tax Ct.2005) (explaining that "assessing officials are permitted to make whatever adjustments are necessary to bring an assessment made under the Manual/Guidelines[ ] ... more in line with other probative evidence as to a property's [actual] market value-in-use").

ally accepted appraisal principles."[3] *See id.;* IND.CODE § 6–1.1–15–18 (2013) (footnote added).

## ANALYSIS

■ During the Indiana Board hearing, Kooshtard claimed that the application of the positive influence factor of 100% to its land was erroneous because adjacent properties did not have the factor and uniformity requires that it be applied to all similar land. (*See* Cert. Admin. R. at 64, 141–46.) Kooshtard also claimed that sales data from similar properties indicated that its land was overassessed. (*See* Cert. Admin. R. at 2, 149–50.)[4] On appeal, Kooshtard restates its uniformity argument.

■ The Indiana Board determined that Kooshtard's argument that its land was not uniformly assessed because comparable land was not assessed in the same manner was insufficient to raise a *prima facie* case. (*See* Cert. Admin. R. at 35–36.) To establish a *prima facie* case, a petitioner must present *"evidence* that is 'sufficient to establish a given fact and which if not contradicted will remain sufficient [to establish that fact].'" *Inland Steel Co. v. State Bd. of Tax Comm'rs,* 739 N.E.2d 201, 211 (Ind. Tax Ct.2000) (citation omitted) (emphasis added), *review denied.* Consequently, Kooshtard needed to present to the Indiana Board some type of relevant market based evidence to support its

claim. *See, e.g., Lake Cnty. Assessor v. U.S. Steel Corp.,* 901 N.E.2d 85, 93–94 (Ind. Tax Ct.2009) (explaining that market based evidence may be used to quantify the impact of a negative influence factor), *review denied.*

■ Kooshtard did not present any market-based evidence to support its claim; instead, Kooshtard merely *concluded* that because the Assessor did not apply the same positive influence factor of 100% to a nearby office building, automotive sales/service center, and fast-food restaurant, the factor should be removed from its assessment. (*See* Cert. Admin. R. at 64, 73–82, 141–46, 155, 200–01, 206.) Conclusory statements are insufficient to make a *prima facie* case because they are not probative evidence (*i.e.,* "evidence that 'tends to prove or disprove a point in issue'"). *See, e.g., Inland Steel,* 739 N.E.2d at 211–12 (citations omitted). Accordingly, Kooshtard has not persuaded the Court that the Indiana Board's final determination is erroneous on this basis.[5]

■ Kooshtard also presented new arguments for the first time on appeal. One argument is that its assessments are invalid because the Assessor's claim that sales data supports the assessments is an impermissible *post hoc* rationalization that lacks any evidentiary support and implies that the use of selective reappraisal is proper

**3.** The assessment guidelines indicate that a taxpayer may present varying types of market based evidence to rebut the presumption that an assessment is correct; nonetheless, one of the most effective methods to rebut this presumption is through the presentation of a market value-in-use appraisal, completed in conformance with the Uniform Standards of Professional Appraisal Practice (USPAP). *See Kooshtard Prop. VI, LLC v. White River Twp. Assessor,* 836 N.E.2d 501, 506 n. 6 (Ind. Tax Ct.2005), *review denied.*

**4.** During the Indiana Board hearing, however, the Assessor explained that the sales data to which Kooshtard referred was presented to the PTABOA, but not to the Indiana Board. (*See* Cert. Admin. R. at 160–61.)

**5.** To the extent Kooshtard has also raised a constitutional claim regarding the non-uniformity of its assessments, it too fails because the Court previously rejected virtually the same argument in *Westfield Golf Practice Center v. Washington Township Assessor,* 859 N.E.2d 396 (Ind. Tax Ct.2007).

when it is not.[6] (*See* Pet'r Br. at 15–17, 27–29 (footnote added).) A second argument is that the Indiana Board's final determination ignores the "rule of law" because the Assessor was not required to show compliance with Indiana's assessment guidelines in applying the positive influence factor of 100% to its land.[7] (*See* Oral Argument Tr. at 29–30; Pet'r Reply Br. at 12–14; Pet'r Br. at 11–27 (footnote added).)

It is well-settled that this Court *generally* cannot review an issue or argument raised for the first time on appeal because there would be no written findings in the record for the Court to review. *See, e.g., Scheid v. State Bd. of Tax Comm'rs*, 560 N.E.2d 1283, 1284–86 (Ind. Tax Ct.1990); IND.CODE § 33–26–6–3(b) (2013) (limiting the Court's review to the issues raised by the litigants during the Indiana Board proceedings or the issues discussed by the Indiana Board in its final determination). The record in this case establishes that Kooshtard's new arguments were not presented to the Indiana Board. Consequently, the Court finds that Kooshtard has waived these arguments because it could have, but failed to, present them to the Indiana Board.

## CONCLUSION

The Indiana Board's final determination that Kooshtard did not make a *prima facie* case must stand: Kooshtard offered nothing more than conclusory statements and

**6.** The record, however, indicates that the Assessor applied the positive influence factor of 100% to Kooshtard's land based on the Assessor's review of certain sales data and intended to apply that same adjustment to all similar properties throughout Shelby County. (*See* Cert. Admin. R. at 91–128, 158–94, 200–04).

**7.** Kooshtard thus invites the Court to revisit and overrule its own precedent interpreting the manner by which a taxpayer may challenge the "new" property tax assessment sys-

previously rejected arguments in challenging the propriety of its land assessments. Accordingly, the final determination of the Indiana Board is AFFIRMED.

tem enacted by the legislature effective 2002. (*See* Oral Argument Tr. at 4, 23–34). The Court declines the invitation. *See P/A Builders & Developers, LLC v. Jennings Cnty. Assessor*, 842 N.E.2d 899, 899–901 (Ind. Tax Ct.2006) (rejecting virtually the same "rule of law" argument), *review denied*. Accordingly, the failure to follow the guidelines does not by itself indicate that the resulting valuation is incorrect.