ATTORNEYS FOR PETITIONER:
**BRIAN A. CUSIMANO**
**JEFFREY D. COLLINS**
ATTORNEYS AT LAW
Indianapolis, IN

**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

ATTORNEYS FOR RESPONDENT:
**RANDAL J. KALTENMARK**
**ZIA MOLLABASHY**
BARNES & THORNBURG LLP
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

FILED
Dec 31 2015, 10:30 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| WELLS COUNTY ASSESSOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1501-TA-00003 |
| | ) |
| ALEXIN, LLC, | ) |
| | ) |
| Respondent. | ) |

ON APPEAL FROM A FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**December 31, 2015**

WENTWORTH, J.

This case examines the Indiana Board of Tax Review's final determination that the Common Council of the City of Bluffton (Council) waived Alexin, LLC's non-compliance with certain statutory requirements for its 2013 personal property tax abatement deduction. Upon review, the Court finds that the Indiana Board's final

determination is contrary to law.[1]

## FACTS AND PROCEDURAL HISTORY

Alexin operates an aluminum production/manufacturing business in an area of Wells County, Indiana that the Council designated as an economic revitalization area. (See Cert. Admin. R. at 53, 75, 77.) Prior to 2013, the Council granted Alexin a ten-year abatement of taxes on its personal property. (See Cert. Admin. R. at 75, 77.) To claim its tax abatement deduction in 2013, Alexin's CPA prepared, among other things, its Business Tangible Personal Property Assessment Return, three Compliance With Statement of Benefits Personal Property forms (Forms CF-1), and a Schedule Of Deduction From Assessed Valuation Personal Property In Economic Revitalization Area form (Form 103-ERA). (See Cert. Admin. R. at 56-62, 64-70, 75-76, 79.) Due to an administrative oversight, however, Alexin did not timely file any of its tax abatement forms with the Wells County Assessor. (See Cert. Admin. R. at 77, 79.) As a result, the Assessor issued a Notice of Assessment Change to Alexin that disallowed its 2013 tax abatement deduction.

On August 10, 2013, Alexin filed an appeal with the Wells County Property Tax Assessment Board of Appeals (PTABOA). While that appeal was pending, Alexin asked the Council to issue a resolution that waived "the late filing of [its] personal property [tax] abatement forms." (See Cert. Admin. R. at 79.) On September 3, 2013, after holding a public hearing, the Council unanimously adopted Resolution 2013-9 pursuant to Indiana Code § 6-1.1-12.1-9.5 and § 6-1.1-12.1-11.3, which provided that "Alexin's former non-compliance with respect to the timing of the filing of the [Forms CF-

---

[1] Portions of the certified administrative record are confidential; consequently, this opinion will only provide the information necessary for the reader to understand its disposition of the issues presented. See generally Ind. Administrative Rule 9.

1] . . . is waived and the [Forms CF-1] as filed should be and are hereby approved[.]" (See Cert. Admin. R. at 78.) On September 27, 2013, the PTABOA issued a final determination, upholding the Assessor's disallowance of Alexin's 2013 tax abatement deduction.

On October 15, 2013, Alexin appealed to the Indiana Board. On September 18, 2014, the Indiana Board conducted a hearing on Alexin's appeal during which Alexin claimed that its 2013 tax abatement deduction should be reinstated because the Council had waived the untimeliness of its Forms CF-1 in Resolution 2013-9. (See Cert. Admin. R. at 135-36, 138-42.) The Assessor, on the other hand, argued that Alexin was not entitled to the tax abatement deduction because the Council lacked the statutory authority to waive Alexin's act of non-compliance. (See Cert. Admin. R. at 143-50.) The Assessor also claimed that Alexin was not entitled to the deduction because Resolution 2013-9 only waived Alexin's non-compliance regarding its Forms CF-1, not regarding its personal property tax return. (See Cert. Admin. R. at 147-49.) On December 17, 2014, the Indiana Board issued its final determination reinstating Alexin's 2013 tax abatement deduction based on its conclusion that "[t]he Council [had] acted within its [statutory] authority in passing a resolution waiving [Alexin's] non-compliance." (See Cert. Admin. R. at 23.)

On January 30, 2015, Alexin initiated this original tax appeal. The Court heard oral argument on November 20, 2015. Additional facts will be supplied if necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Hubler Realty Co. v. Hendricks Cnty. Assessor,

3

938 N.E.2d 311, 313 (Ind. Tax Ct. 2010). The Court will reverse a final determination if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33-26-6-6(e)(1)-(5) (2015).

**LAW**

An "economic revitalization area" is:

> an area which is within the corporate limits of a city, town, or county which has become undesirable for, or impossible of, normal development and occupancy because of a lack of development, cessation of growth, deterioration of improvements or character of occupancy, age, obsolescence, substandard buildings, or other factors which have impaired values or prevent a normal development of property or use of property.

IND. CODE § 6-1.1-12.1-1(1) (2015). The term also includes (1) "any area where a facility or a group of facilities that are technologically, economically, or energy obsolete are located and where the obsolescence may lead to a decline in employment and tax revenues; and [2] a residentially distressed area, except as otherwise provided in this chapter." I.C. § 6-1.1-12.1-1(1). Tax abatements are available for certain tangible personal property within a designated economic revitalization area. See generally IND. CODE §§ 6-1.1-12.1-0.3 to -17 (2015).

A person who desires to obtain a tax abatement deduction in a designated economic revitalization area must, among other things,

> file a certified deduction schedule with the person's personal property return on a form prescribed by the department of local government finance [(i.e., a Form 103-ERA)] with the township assessor in which the new manufacturing equipment, new research

4

and development equipment, new logistical distribution equipment, or new information technology equipment is located, or with the county assessor if there is no township assessor for the township.

See IND. CODE § 6-1.1-12.1-5.4(a) (2013) (amended 2015). (See also e.g., Cert. Admin. R. at 101-02 (Alexin's Form 103-ERA).) The person must also file a Form CF-1 with the county auditor and the designating body that shows whether there has been compliance with the statement of benefits approved under Indiana Code § 6-1.1-12.1-4.5. See IND. CODE § 6-1.1-12.1-5.6 (2013); IND. CODE § 6-1.1-12.1-1(7) (2013) (defining a "designating body"). (See also, e.g., Cert. Admin. R. at 67-68 (Alexin's Form CF-1).) In the event one fails to follow these statutory procedures, the designating body may issue a resolution either before conducting a public hearing under Indiana Code § 6-1.1-12.1-9.5 (Section 9.5) or after holding a hearing under Indiana Code § 6-1.1-12.1-11.3 (Section 11.3) that waives the person's non-compliance. See IND. CODE §§ 6-1.1-12.1-9.5, -11.5 (2013).

## ANALYSIS

The issue before the Court is whether the Indiana Board's final determination that the Council waived Alexin's non-compliance with certain statutory requirements for its 2013 personal property tax abatement deduction is contrary to law. The parties' written briefs and oral arguments indicate that the resolution of this issue depends on the answers to the following two questions: (1) whether the Council had the statutory authority to waive Alexin's untimely filed personal property tax return under Section 9.5;[2] and, if so, (2) whether the Council actually waived Alexin's untimely filed personal

---

[2] The Assessor also claims that Section 11.3 did not authorize the Council to waive Alexin's untimely filed personal property tax return because that statute provides for the waiver of deduction applications only. (See, e.g., Pet'r Br. at 3-9.) The Court, however, need not resolve this issue to dispose of the case.

property tax return in Resolution 2013-9.[3]

**(1)**

The Assessor contends that Section 9.5 did not provide the Council with the authority to waive Alexin's untimely filed personal property tax return because Indiana Code § 6-1.1-3 (Chapter 3) governs the filing of personal property tax returns, not Indiana Code § 6-1.1-12.1 (Chapter 12.1). (See Oral Arg. Tr. at 42-45.) During the 2013 tax year, Section 9.5 provided in relevant part that a

> designating body may by resolution waive noncompliance with the following requirements in [Chapter 12.1] with respect to a particular deduction under [Chapter 12.1]: [] a filing deadline applicable to an application, a statement of benefits, <u>or another document that is required to be filed under [Chapter 12.1]</u> . . . if the taxpayer otherwise qualifies for the deduction and the document is filed or the clerical error is corrected before the resolution is adopted.

I.C. § 6-1.1-12.1-9.5(b)(1) (emphasis added).

The plain language of Section 9.5 authorized the Council to issue a resolution that waived Alexin's failure to comply with the filing deadlines for any documents that were required to be filed under Chapter 12.1. See I.C. § 6-1.1-12.1-9.5(b)(1). See City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007) (providing that when a statute is clear and unambiguous, the Court need only require that its words and phrases be taken in their plain, ordinary, and usual sense). In turn, Indiana Code § 6-1.1-12.1-5.4 required Alexin to file both a personal property tax return and a Form 103-ERA annually to obtain its 2013 tax abatement deduction. See I.C. § 6-1.1-12.1-5.4(a)(1), (e)

---

[3] Alexin claims that the Court cannot consider this second issue because the Assessor did not present the argument to the Indiana Board. (See Oral Arg. Tr. at 31-33.) See also Kooshtard Prop. VIII, LLC v. Shelby Cnty. Assessor, 987 N.E.2d 1178, 1181-82 (Ind. Tax Ct. 2013) (explaining that claims may be waived when a litigant could have, but failed to, present them to the Indiana Board), review denied. The certified administrative record reveals, however, that this argument was presented to the Indiana Board. (See Cert. Admin. R. at 20 ¶ 16, 147-49.)

(explaining that unless the township or county assessor denies or alters the tax abatement deduction, it "is [to be] applied in the amount claimed in [the] certified schedule [(i.e., the Form 103-ERA)] that [the] person files with: (1) a timely personal property [tax] return under IC 6-1.1-3-7(a) or IC 6-1.1-3-7(b)" (emphasis added)). Accordingly, the fact that Chapter 3 governs the general filing requirements for personal property tax returns does not alter the fact that Chapter 12.1 requires a person to file a personal property tax return to be eligible for a tax abatement deduction. The Council, therefore, had the authority to waive the untimeliness of Alexin's personal property tax return under Section 9.5 to ensure that it received the tax abatement deduction, and the Indiana Board's final determination is not contrary to law on this basis.

**(2)**

The Assessor further contends that the plain language of Resolution 2013-9 indicates that the Council waived Alexin's failure to timely file its Forms CF-1, but not its personal property tax return. (See Pet'r Reply Br. at 3.) Alexin, on the other hand, contends that the Council's reference to the Forms CF-1 in Resolution 2013-9 was most likely just a mistake and that it intended to waive the untimeliness of each of Alexin's 2013 tax abatement forms. (See Oral Arg. Tr. at 33-40.) Resolution 2013-9 states:

> WHEREAS, I.C. 6-1.1-12.1-1 et seq[.] provides a mechanism for an applicant, upon submission of a completed Form SB-1, to request and be granted an abatement in property taxes for certain improvements made in areas designated as Economic Revitalization Areas; and
>
> WHEREAS, the [Council] . . . previously designated the area in which [Alexin] . . . is located as an Economic Revitalization Area; and
>
> WHEREAS, on or about November 13, 2007, the Council approved [the Form SB-1s] submitted by Alexin in connection with

7

improvements to real estate and the installation [of] manufacturing equipment at Alexin's facilities in the city of Bluffton, Harrison Township, Wells County, Indiana (hereinafter "the Project"); and

WHEREAS, the Council has been informed by Alexin that due to an administrative oversight Alexin did not comply with statutory procedures, specifically, Alexin failed to file a Compliance with Statement of Benefits, Real Estate Improvements and a Compliance with Statement of Benefits for Personal Property (hereinafter "[the Forms CF-1]") in time for them to timely file their Application for Deduction with their 2013 real and personal property tax returns with respect to the [P]roject and as such are being denied a tax abatement for taxes imposed in 2013; and

WHEREAS, I.C. 6-1.1-12.1-9.5 and 6-1.1-12.1-11.3 allow a designating body to waive certain acts of non-compliance by resolution after a public hearing;

NOW, THEREFORE BE IT RESOLVED THAT:

1. After proper public notice, a public hearing on Alexin's requested waiver was held on September 3, 2013, at 7:30 PM at the city council chambers located at 128 East Market Street, Bluffton, Indiana.

2. At said public hearing, the Council reviewed Alexin's completed [Forms CF-1], questioned representatives of Alexin and now affirmatively makes the following findings:

   a. Except for the timing of the filing, [the Forms CF-1] filed by Alexin on or about May 21, 2013, is in compliance with Indiana Law.

   b. The estimate of the number of individuals whom will be employed or whose employment will be retained can be reasonably expected to result from the [P]roject.

   c. The estimate of the annual salaries for those individuals who will be employed or whose employment will be retained can be reasonably expected to result from the Project.

   d. The totality of the benefits is sufficient to justify the abatement.

8

3. Alexin's former non-compliance with respect to the timing of the filing of [the Forms CF-1] dated May 21, 2013, is waived and [the Forms CF-1] as filed should be and are hereby approved as requested in the [Form SB-1] originally approved on November 13, 2007.

(Cert. Admin. R. at 77-78.)

In interpreting Resolution 2013-9, the Court's goal is to ascertain and give effect to the Council's intent in promulgating it. See Johnson Cnty. Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue, 568 N.E.2d 578, 580 (Ind. Tax Ct. 1991), aff'd by 585 N.E.2d 1336 (Ind. 1992); see also Coverdale v. Edwards, 58 N.E. 495, 498 (Ind. 1900); Payne v. Town of Austin, 523 N.E.2d 245, 248 (Ind. Ct. App. 1988), trans. denied (both indicating that the rules of statutory construction apply to resolutions). Accordingly, the Court must first examine the Resolution's language because it typically is the best evidence of that intent. See Charwood LLC v. Bartholomew Cnty. Assessor, 906 N.E.2d 946, 949 (Ind. Tax Ct. 2009); Johnson Cnty., 568 N.E.2d at 581. When, as here, that language is clear and unambiguous, the Court may not expand or contract its meaning by reading additional language into it to correct supposed omissions. See SAC Fin., Inc. v. Indiana Dep't of State Revenue, 24 N.E.3d 541, 546-47 (Ind. Tax Ct. 2014), review denied.

Upon review of Resolution 2013-9, the Court finds it never refers to Alexin's personal property tax return, but specifically waives only the untimeliness of Alexin's Forms CF-1. (See Cert. Admin. R. at 77-78.) This conclusion is further supported by the Council's hearing notice, which provides that the public hearing would concern Alexin's request to "the [Council] to waive [Alexin's] failure to timely file [the Forms CF-1] in a timely manner so to make [it] available for property tax [abatement] deductions for

9

2013[.]" (Cert. Admin. R. at 126 (emphasis added).)

The parties do not dispute that Alexin's personal property tax return, its Forms CF-1, and its Form 103-ERA are separate and distinct documents. (See, e.g., Cert. Admin. R. at 56-70, 75-76.) Furthermore, each document must be timely filed to obtain a personal property tax abatement deduction. See I.C. §§ 6-1.1-12.1-5.4, -5.6. While the Court is sympathetic to Alexin's misfortune, the record evidence, the parties' arguments, and the applicable rules of construction require the Court to find that the Council's Resolution 2013-9 did not waive the non-compliance of Alexin's personal property tax return. The Council's Resolution waived only the non-compliance of Alexin's Forms CF-1 and, therefore, the Indiana Board's final determination is contrary to law on this basis.

## CONCLUSION

For the above-stated reasons, the Court REVERSES the final determination of the Indiana Board.