ATTORNEY FOR PETITIONER:
**STUART T. BENCH**
BENCH LAW OFFICE
Indianapolis, IN

ATTORNEY FOR RESPONDENT:
**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

_____

# IN THE
# INDIANA TAX COURT

**FILED**

Jun 7 2016, 12:42 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

_____

| | |
|---|---|
| KATHRYN GILLETTE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1305-TA-00053 |
| | ) |
| BROWN COUNTY ASSESSOR, | ) |
| | ) |
| Respondent. | ) |

ON APPEAL FROM A FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**June 7, 2016**

WENTWORTH, J.

Kathryn Gillette challenges the final determination of the Indiana Board of Tax Review that valued her real property at $592,000 for the 2009 tax year.[1] Upon review, the Court affirms the Indiana Board's final determination.

### FACTS AND PROCEDURAL HISTORY

Gillette owns rental property on Sweetwater Lake in Nineveh, Indiana. In 2009,

_____

[1] While Gillette maintains she is appealing her 2008 through 2012 assessments, her Petition for Review to the Indiana Board and the Indiana Board's final determination address the propriety of her 2009 assessment alone. (Compare Pet'r V. Pet. at 3 and Pet'r Br. at 4, 7, 13 with Cert. Admin. R. at 2-4, 18-25.) Consequently, the Court will review only Gillette's 2009 assessment. See IND. CODE § 33-26-6-3(b) (2016) (limiting the Court's review to the issues raised by litigants during the Indiana Board proceedings or the issues considered in the Indiana Board's final determination).

that property was assigned an assessed value of $636,500 ($102,400 for land and $534,100 for improvements). Believing this value to be too high, Gillette appealed her assessment first to the Brown County Property Tax Assessment Board of Appeals and then to the Indiana Board.

On January 8, 2013, the Indiana Board conducted a hearing during which it determined that the Brown County Assessor bore the burden of proof because Gillette's assessment had increased by more than 5% from 2008 to 2009. (See Cert. Admin. R. at 99-103.) The Assessor indicated, however, she could not make a prima facie case to support the 2009 assessment and asked the Indiana Board to reinstate Gillette's 2008 assessment of $592,000. (See Cert. Admin. R. at 113-15.)

Gillette, on the other hand, claimed that her 2008 assessment of $592,000 was too high because her property was only worth about $440,000 in 2009. (See, e.g., Cert. Admin. R. at 115, 142.) In support of her claim, Gillette testified that her land was worth about $40,000 because 80% of it abutted the road instead of the lake, and as a result, it often collected leaves and garbage. (See Cert. Admin. R. at 131-36.) Regarding the improvements, Gillette presented her rental insurance policy declarations, which indicated that for 2005 through 2012 the liability limits to rebuild her house were between $275,300 to $475,215. (See Cert. Admin. R. at 68-78, 124.) Gillette also presented two appraisals prepared for mortgage companies that valued her property at $260,000 as of September 1, 1998 and $482,000 as of April 21, 2006. (See Cert. Admin. R. at 40-67.) Finally, Gillette maintained that she could not sell her property for more than $600,000 and could not rent it for $2,500 per month, which indicated that its rental value was less than $250,000. (See, e.g., Cert. Admin. R. at 36, 81, 83, 90-94,

2

122, 135-43.)

On April 5, 2013, the Indiana Board issued its final determination stating that the Assessor had "admitted [that Gillette's] assessment should be reduced to $592,000[,]" the amount of the 2008 assessed value, for the 2009 tax year. (Cert. Admin. R. at 24 ¶ 20.) In addition, the Indiana Board found that Gillette had "failed to make a prima facie case for any assessed value less than that amount" because she "did not provide substantial, probative evidence to support her claim[.]" (See Cert. Admin. R. at 22-24 ¶¶ 19-20 (emphasis added).) Accordingly, the Indiana Board changed the 2009 assessed value to the prior year's assessed value of $592,000, "consistent with other Board final determinations where the Respondent failed to satisfy the burden imposed by Ind[iana] Code § 6-1.1-15-17.2." (Cert. Admin. R. at 22 ¶ 18.)

On May 20, 2013, Gillette initiated this original tax appeal. The Court heard oral argument on June 2, 2014. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003). The Court will reverse an Indiana Board final determination if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. See IND. CODE § 33-26-6-6(e)(1)-(5) (2016).

**ANALYSIS**

On appeal, Gillette claims that the Indiana Board's final determination must be reversed for two alternative reasons. First, Gillette contends that the Indiana Board erred in adopting a valuation derived from the cost approach rather than the income approach. (See Pet'r Br. at 1, 6-14.) Alternatively, Gillette claims that the Indiana Board erred in rejecting her entire evidentiary presentation.[2] (See Pet'r Br. at 1, 12-15; Oral Arg. Tr. at 8-10.)

**I.**

This Court has previously explained that Indiana assesses real property on the basis of its market value-in-use: i.e., "the value 'of a property for its current use, as reflected by the utility received by the owner or a similar user, from the property[.]'" McKeeman v. Steuben Cnty. Assessor, 10 N.E.3d 612, 614 (Ind. Tax Ct. 2014) (quoting 2002 REAL PROPERTY ASSESSMENT MANUAL (Manual) (incorporated by reference at 50 IND. ADMIN. CODE 2.3-1-2 (2002 Supp.)) at 2). See also IND. CODE § 6-1.1-31-6(c) (2009). Although three generally accepted appraisal techniques (i.e., the cost, sales comparison, and income approaches) may be used to appraise an individual property's market value-in-use, "the cost approach has historically been used in mass appraisal by assessing officials" because "often times [they] do not have the data or time to apply all three approaches[.]" Manual at 3; see also REAL PROPERTY ASSESSMENT GUIDELINES FOR 2002 – VERSION A (incorporated by reference at 50 I.A.C. 2.3-1-2), Bks. 1 & 2 (explaining how property is to be valued under the cost approach).

---

[2] Gillette also claimed that the Brown County Property Tax Assessment Board of Appeals (PTABOA) erred in basing her assessment on her property's listing price because her home never sold. (See Pet'r Br. at 8-9, 11, 13.) The Tax Court, however, only reviews the actions of the Indiana Board and not the PTABOA. See Ind. Tax Court Rule 2.

Gillette contends that the Indiana Board's final determination is contrary to law and must be reversed because during the Indiana Board's proceedings she established that she owned a rental property. (See Pet'r Br. at 7.) As a result, Gillette argues that the Indiana Board was required to adopt a valuation derived from a variation of the income approach, i.e., the gross rent multiplier, rather than a valuation derived from the Assessor's application of the cost approach. (See Pet'r Br. at 8-11.)

To support a reduction in her property's assessed value, Gillette had the burden to provide the Indiana Board with market-based evidence (e.g., sales data, appraisals, or actual construction costs) that demonstrates that the assessment does not provide an accurate reflection of the property's market value-in-use. Manual at 5. Gillette's argument that the Indiana Board erred in adopting a valuation derived from the cost approach rather than one derived from the income approach, however, attacks merely the methodology used to determine the 2008 assessed value and does not address the key issue – whether $592,000 was a reasonable reflection of the property's market value-in-use. Accordingly, the Court finds no basis for reversing the Indiana Board's final determination with respect to this issue. See P/A Builders & Developers, LLC v. Jennings Cnty. Assessor, 842 N.E.2d 899, 900-01 (Ind. Tax Ct. 2006) (providing that Indiana's current assessment system focuses on whether the assessed value is actually correct, not on methodology), review denied.

## II.

Gillette has also claimed that the Indiana Board's final determination must be reversed because it improperly rejected her entire evidentiary presentation. (See, e.g., Pet'r Br. at 12-15.) Gillette explained that she presented market-based evidence to the

Indiana Board that included her rental insurance policy declarations from 2005 to 2012, a 1998 appraisal, and a 2006 appraisal that established the value of her rental property as $440,000 for the 2009 tax year. (See Pet'r Br. at 12-15.) Gillette also testified that she was unable to rent her house for $2,500 or sell it for more than $600,000. (See Pet'r Br. at 11.) Nonetheless, the Court finds this evidence is not probative, as did the Indiana Board.

Indiana's assessment regulations require the 2009 assessed value of property to reflect its value as of January 1, 2008. See 50 IND. ADMIN. CODE 21-3-3(b) (2009) (see http://www.in.gov/legislative/iac/) (explaining that prior to 2010, a property's March 1 assessment was to reflect its market value-in-use on January 1 of the preceding year) (repealed 2010). Consequently, Gillette was required to relate her evidence to the January 1, 2008 valuation date. See, e.g., Monroe Cnty. Assessor v. Kooshtard Prop. I, LLC, 38 N.E.3d 754, 757 (Ind. Tax Ct. 2015). The certified administrative record reveals, however, that Gillette did not do so. (See generally Cert. Admin. R. at 96-182.) As a result, the Court cannot find that the Indiana Board erred in finding that Gillette's entire evidentiary presentation failed to make a prima facie case for any assessed value less than $592,000.

**CONCLUSION**

For the above stated reasons, the Indiana Board's final determination in this matter is AFFIRMED.